## HENDRICKS & COOPER v. WALLIS.

Where a witness, in his deposition, states matters which are not responsive to the interrogatories propounded, or which are not competent to prove the fact sought to be established, the same should be stricken out by the court.

Satisfaction of a judgment will be presumed, after a lapse of twenty years, if it is suffered to stand so long unreclaimed, or unacknowledged, and without any attempt to enforce it.

A jury may be authorized to infer payment of a judgment, in a shorter time than twenty years, if circumstances render satisfaction probable; but the presumption of law of payment, does not arise until the twenty years have expired.

After twenty years, and subject to the exception provided by section 1664 of the Code, without circumstances accounting for the delay, there is no discretion left with the jury, but to find payment of a judgment.

Within twenty years, a jury is authorized to presume payment of a judgment, from the circumstances given in evidence, but not from lapse of time alone.

Where in an action on a foreign judgment, to which the defendant pleaded payment, the court instructed the jury: "That if twenty years have elapsed from the rendition of the judgment, and the commencement of this suit, that fact would have been a bar to the action, if the same had been pleaded as a defence; that if the jury find the time a little short of twenty years, they are to say, whether the lapse of time, of itself, induces the belief that the judgment has been paid, or satisfied; that if they do, they are at liberty so to find—if not, they will consider the other proof; and that, if from the evidence, they believe the demand paid, or satisfied, they will find for the defendant;" *Held*, That the instruction was erroneous, and calculated to mislead the jury.

Where in an action on a foreign judgment, to which the defendant pleaded payment, the court erroneously instructed the jury, that if the jury find

Hendricks & Cooper v. Wallis.

the time between the rendition of the judgment and the commencement of this suit, a little short of twenty years, they are to say, whether the lapse of time, of itself, induces the belief that the judgment has been paid, and if so, they are at liberty so to find; and where the jury returned a verdict for defendant; *Held,* That the fact that there were other circumstances in evidence, from which, in connection with the lapse of time, the jury might have inferred that the judgment was paid, was not sufficient to sustain the verdict.

A wide latitude is given to the discretion of the district court, in granting and refusing new trials; and this discretion will not be interfered with, except where palpable injustice has resulted to the party making the application, which injustice must be made manifest to the appellate court.

*Appeal from the Van Buren District Court.*

MONDAY, NOVEMBER 8.

This suit was commenced April 28th, 1855, on the record of a judgment recovered in the county court of Washington county, Virginia, on the 24th of June, 1835. Issue was joined by the parties on the plea of payment, and there was verdict and judgment for the defendant. During the trial, exceptions were taken by the plaintiffs, to the overruling their motion to suppress certain answers of witnesses, to interrogatories contained in depositions read in evidence by defendant; and also to certain instructions given to the jury at the request of the defendant. The other material facts appear in the opinion of the court.

*C. C. Nourse,* for the appellants.

*Knapp & Caldwell,* W. H. Seevers and J. C. Hall, for the appellee.

STOCKTON, J.*—On the trial, the plaintiffs moved the court to exclude from the jury, so much of the deposition of Henry Child, as was included in the answers to interrogatories numbers 6, 10, 17 and 21. The motion was overruled as to the answer to interrogatories 6 and 10, and to

---

*WRIGHT, C. J., having been of counsel, took no part in the decision of this cause

part of 21, and sustained as to the remainder of the testimony.

The sixth interrogatory and answer were as follows:

. "*Int'y* 6. State if you know anything of the business, pecuniary condition and standing of Logan Wallis, during the years last mentioned, (1834-5-6, and 7)?

"*Answer.* During the years 1834 and 1835, he handled, and was in possession of a good deal of means, and continued in possession of means, until Hendricks & Cooper sold his property, which was in the year 1836, or 1837. I think in 1836. Soon after this, he accumulated property again, and his credit was good for anything he would ask for."

. We think that so much of the answer to this interrogatory, as refers to a sale of the property of the defendant by the plaintiffs, should have been excluded by the court. All the information sought to be elicited from the witness, as to the pecuniary condition of the defendant during · the years specified, was obtained, and his answer was complete, without any reference to the sale of defendant's property. · If information as to the sale was desired, it should have been called out by a specific interrogatory upon the subject, so that the plaintiffs might know what particular point the mind of the witness was directed to, and might be prepared to cross-examine him accordingly. We can easily see how the answer of the witness, if suffered to go to the jury, might prejudice the interests of the plaintiffs; and there is no possible detriment to defendant likely to arise from striking it out. The other answers of the witness should be suffered to stand. We see no valid objection to the testimony given, as to the place of residence of the defendant at the date of the judgment; nor as to his having made a sale of his property in 1836, before engaging in the business of keeping a tavern. The evidence was not competent or sufficient to show, a sale of defendant's property by the plaintiffs, on execution or otherwise; nor was it such as to authorize an inference by the jury,

that the demand sued on, had been paid from the proceeds of the sale, without further testimony by defendant, that the plaintiffs were in some manner connected with the sale, or that the proceeds were applied in satisfaction of their judgment.

The plaintiffs also moved the court to suppress the answers of the witness, Jordan, to certain interrogatories put to him by the defendant, as follows:

"*Int'y* 6. State, if you know anything of the business, pecuniary condition, and standing of Logan Wallis, during the years 1834-5-6 and 7?"

"*Answer*. He generally had considerable property, except at one time, when he gave up his property under a *ca. sa.*"

"*Int'y* 14. Was the defendant, Logan Wallis, engaged in any business after the rendition of said judgment against him? If yea, state what kind of business."

"*Answer*. In the years 1834-5 and 6, I think, he sold goods at the Three Springs; he afterwards kept tavern in Scott county. *The sale of the property was before he went to Scott county.* After he left Scott county, and went to Three Springs, he carried on a saddler shop and tailor shop."

"*Int'y* 15. Did or did not defendant carry on a harness and saddler business, and keep tavern, and carry on a tailor shop after the rendition of said judgment?"

"*Ans.* He did. *After defendants property was sold. I cried the sale of defendant's property, and paid the money over to Gray, who acted as the agent of plaintiff. He acted as such in collecting the sale notes.*"

"*Int'y* 22. If you know of defendant Wallis making a public sale of his property at any time, state whether it was before or after he was engaged in keeping tavern, and in the saddle and harness business; and state, if you know, for whose benefit said sale was made, and who received the funds thereof."

"*Ans.* John Gray, as agent of *Hendricks & Cooper*,

*made the sale*, and the same was previous to defendant's keeping tavern and carrying on tailor, saddle and harness shop.".

There is nothing objectionable in the answer of the witness to the 6th interrogatory, as it stands. So much of the answer to the 14th interrogatory, as refers to a sale of defendant's property, was not responsive to the question, and should be stricken out. *McCarver* v. *Nealy*, 1 G. Greene, 360.

A full reply to the 15th interrogatory, is given by the witness in the first two words of his answer. Not content with this, however, he goes on to speak of other things which have no relevancy to the matter concerning which he was interogated. Whatever may be the question, he must bring in something, in his answer, about the sale of defendant's property. There was no occasion for the witness in his reply, to say anything of his having acted as the crier at the sale of defendant's property ; nor of his having paid over money to Gray. It was not called for by anything in the question. There was also a proper manner, if defendant desired it, of proving that Gray was the agent of plaintiff, and that he collected money on the sale notes for them. All this part of the witness' answer to the 15th interrogatory, should be stricken out, as well as that part of his answer to the 22d interrogatory, where he says that " Gray made the sale as the agent of the plaintiffs.

We come next to the instructions asked by defendant, and given by the court to the jury. At the request of the defendant, the court charged : " That if twenty years had elapsed, between the rendition of the judgment, and the commencement of the suit, that fact would have been a bar to the action, if the same had been pleaded as a defence. That if the jury find the time a little short of twenty years, they are to say whether the lapse of time, of itself, induces the belief that the judgment has been paid, or satisfied ; if they do, they are at liberty so to find ; if not, they will consider the other proof; and if, from the evidence,

they believe the demand paid, or satisfied, they will find for defendant."

Under the statute, (Code, section 1659), an action on a judgment of a court of record of another state, may be brought within twenty years, and not afterwards ; but in laying it down, as an absolute rule for the direction of the jury, that the lapse of twenty years, when pleaded as a defence, is a bar to the action, the court lost sight of the qualifications of the rule, made by the statute, that "the time during which a defendant is not a resident of the state, is not to be included in computing the period of limitation." Code, section 1664. In this instance, the limitation of twenty years, was not pleaded in bar of the action. If such had been the defence, the plaintiffs would have been at liberty to reply, the facts appearing by the record, that the defendant had removed from Virginia in 1838 ; that he had subsequently resided in the states of Indiana and Illinois ; and that he was not a resident of the state of Iowa, until about the year 1844.

The direction given by the court to the jury, authorized them to conclude, that the lapse of twenty years, if pleaded, would have been an absolute bar to the action; and that if they found the time a little short of twenty years, if such lapse of time induced them to believe that the judgment had been paid, or satisfied, they were at liberty so to find.

We think there was error in this instruction of the court. Satisfaction of a judgment will be presumed after a lapse of twenty years, if it is suffered to stand so long unreclaimed, or unacknowledged, and without any attempt to enforce it. A jury may be authorized to infer payment in a shorter time, if circumstances render satisfaction probable. But the presumption of law does not arise, until the twenty years have expired. After twenty years, and subject to the exception provided by the Code, (section 1664), without circumstances accounting for the delay, there is no discretion left with the jury, but to find payment. Within the twenty years, the jury are authorized to presume pay-

ment, from the circumstances given in evidence, not from lapse of time alone. The court directed the jury, that from lapse of time itself, less than twenty years, they were authorized to find that the judgment had been paid. In this, there was error. 2 Starkie's Evidence, 597; 1 Green-leaf's Ev., sec. 39; *Leslie* v. *Noncs*, 7 S. & R., 410; *Cope* v. *Humphreys*, 14 Ib., 15; *Boltz* v. *Ballman*, 1 Yates, 587; *Cottle* v. *Payne*, 3 Day, 289.

It is urged by the defendant, that if there was error in this instruction, it was error without prejudice; that as the court gave all the instructions asked by the plaintiffs, in which the law, as they admit, was laid down correctly, the jury could not have been misled by the erroneous instruction given at the request of the defendant; and that the judgment should not, on that account, be reversed. The instruction appears to us well calculated to mislead the jury. It is not claimed by the defendant, that there was any direct evidence of the payment of the judgment. He relied wholly upon the presumption of payment, arising from the lapse of time, and the circumstances given in evidence. The jury were told that they were at liberty to infer payment from the lapse of time alone, less than twenty years; that is, from lapse of time, without reference to the other circumstances proved. With this ruling of the law, for their direction, they would not be very apt to look farther than to the lapse of time, for the purpose of ascertaining whether the presumption of payment might not also be inferred from the circumstances given in evidence, and relied on by defendant.

The court did further instruct the jury, that " circumstances, in connexion with a lapse of nineteen or twenty years, may be sufficient to warrant a finding by the jury, that the demand has been paid;" and that " with the lapse of time, the jury must also consider the place of residence, circumstances, and condition of the parties." This direction, however, was not given to them as a qualification of their right to infer the payment of the debt, from the lapse

of time alone, less than twenty years; but as a further direction to them, that if they did not so infer payment, they must consider, in connexion with the lapse of time, the circumstances, residence and condition of the parties, in coming to a conclusion as to payment.

It is not sufficient to sustain the verdict and judgment, in this case, that there were other circumstances, from which, in connexion with the lapse of time, the jury might have inferred that the judgment was paid.    We cannot know that the jury, in arriving at the verdict, inferred the payment of the judgment, from the circumstances given in evidence, in connexion with the lapse of time.    If there was any way in which this fact could be made manifest, we should not be inclined to disturb the judgment for the error in the instruction alone.    Nor ought the judgment to be reversed for a conflict in the instructions, where it does not appear that the same was calculated to mislead the jury, or prejudice the rights of the party.    The error in this instruction, was neither casual nor immaterial.    The error was a material one, and authorized the jury to infer, that the judgment had been paid, from the lapse of time alone, less than twenty years, without regard to circumstances.    It is not enough that the law, as contained in the other instructions, is given correctly by the court.    A material conflict was sufficient to mislead the jury.    There was no instruction given, however, in conflict with the one to which exception is taken.    The jury were at no time told, that payment of the judgment could be inferred from the lapse of twenty years only, and upon no shorter time, without regard to circumstances.    A contrary proposition was given to them as the law—and the fact that their verdict may have been based on this erroneous ruling of the law, requires that the judgment should be reversed.

A motion for a new trial, based upon the refusal of the court to suppress portions of the depositions of Child and Jordan, and upon the errors in the charge of the court to the jury, was overruled.    The defendant argues from this fact, that the judgment should not be reversed, because the

district court, with all the facts before it, must have been of opinion that no error, to the prejudice of the plaintiffs, had been committed, and that the jury were not misled by the instructions.   A wide latitude is given to the discretion of the district court, in granting and refusing new trials; and this discretion will not be interfered with, except where palpable injustice has resulted to the party making the application.   This injustice must be made manifest to this court, or the action of the district court will be sustained.

The legitimate inference to be drawn from the refusal to grant a new trial in this case is, that the district court did not consider that any error had been committed.   In other words, the court thought that the instruction excepted to, correctly embodied the law, and that the motion to suppress the depositions, was properly overruled; and that the verdict of the jury was in conformity to the evidence and the law given them in charge by the court.   We have endeavored to point out wherein, as we think, the court erred, and wherein the error worked a prejudice to the rights of the plaintiffs.   For these errors, we think the judgment should be reversed.

Judgment reversed.