## RENWICK *v.* WHEELER.

(*Circuit Court, D. Iowa.* October, 1880.)

1. JUDGMENT—EVIDENCE OF SATISFACTION—DELAY IN ENFORCEMENT.

In a suit to cancel a judgment rendered for the balance of a debt after foreclosure of a mortgage, the mortgagor alleged an agreement that he should turn over the land to the mortgagee in full payment, but that, being unable to make a good title because of pending suits against him, an amicable foreclosure was had, and the judgment for the excess was left unsatisfied, by neglect or oversight. *Held* that, the evidence being doubtful on this point, the fact that no attempt to enforce the judgment was made for 17 years would turn the scale in the mortgagor's favor.

2. POWERS OF ATTORNEY—CONSTRUCTION—GENERAL AND SPECIAL TERMS.

A power of attorney expressly authorizing the agent to sell, convey, or mortgage the principal's lands in Iowa, and collect the price thereof, and constituting him "our general attorney in fact to transact any or all business for us, * * * of any kind whatsoever, in the state of Iowa; to rent houses, * * * and satisfy any mortgages made or to be made to us," etc.,—confers power to agree to take certain lands, covered by a mortgage, in full satisfaction of the debt secured thereby.

3. MORTGAGES—AGREEMENT TO SATISFY—CONSIDERATION.

An agreement to give up all the land covered by a mortgage, by an amicable foreclosure suit, is a sufficient consideration for an agreement to accept the land in full satisfaction of the debt, including any deficiency that might remain after the foreclosure sale.

In Equity. Bill to cancel judgment.

*John N. Rogers,* for complainant.

*L. M. Fisher,* for defendant.

McCRARY, J. This is a bill in equity praying the cancellation of a certain judgment appearing upon the records of the district court of Scott county, Iowa, in favor of the defendant and against the plaintiff, on the ground that the same has been settled and satisfied. The judgment was rendered on the 18th day of February, 1861, in a suit for the foreclosure of a mortgage upon certain real estate. The mortgaged property was sold under the judgment in 1861, and bought in by Wheeler, for $700, and the sheriff's deed was immediately made to him. This left a balance unsatisfied on the record which now amounts, including interest at 10 per cent., to something over $2,000. No attempt was ever made to collect this balance until December, 1878, about 17 years after the date of the judgment, when a general execution was issued, and attempts were made to enforce its payment, which led to the filing of this bill, and the allowance of a temporary injunction to restrain, until further order, the collection of the judgment. The note and mortgage on which said judgment of foreclosure was rendered were made by complainant, James Renwick, to defendant, Wheeler, April 8, 1857, for the purchase money of a piece of land in Davenport, then purchased by Renwick from Wheeler through Wheeler's agent and attorney in fact, Erastus Ripley. Wheeler resided in Pennsylvania, and Ripley in Davenport, Iowa. Renwick, who also resided in Davenport, made certain payments on the mortgage debt, amounting in the aggregate to $565. The sum secured by the mortgage was $1,400, with interest, and the mortgage covered, besides the land purchased from Wheeler, another adjoining tract, for which

Renwick had paid $600. Before the commencement of the foreclosure suit, Renwick had become financially embarrassed, and was unable to pay the balance of the debt; and he alleges in the present bill that he entered into an agreement with Wheeler, through his agent, Ripley, that Wheeler should take the entire mortgaged property in satisfaction of the balance due, and that to carry out this agreement (Renwick being unable to make a good title by deed on account of judgments against him) an amicable foreclosure was had, in which the judgment in question was rendered by default, and was left unsatisfied, after the sale, by negligence or oversight. The controversy here is (1) as to the truth of this allegation; and (2) as to its sufficiency as a matter of law to entitle the complainant to the relief sought.

Without going here into a discussion of the question of fact, it is sufficient to state that, upon the whole case, the court is of the opinion that the weight of evidence is with the complainant; but if, upon the direct testimony of witnesses, this were doubtful, the long lapse of time between the rendition of the judgment and the issuing of the general execution is a circumstance of sufficient significance to turn the scale in the complainant's favor. It is well settled that satisfaction of a judgment may be presumed in a shorter period than 20 years, if other circumstances are shown which render satisfaction probable. *Hendricks v. Wallis,* 7 Iowa, 224; Ang. & A. Lim. §§ 171, 172. It is insisted on behalf of defendant that it does not appear that Ripley, the agent of Wheeler, had authority to make the contract relied upon. This depends upon the construction of the power of attorney under which Ripley acted. That instrument, which is before us, after authorizing the agent to sell, convey, or mortgage any real estate belonging to Wheeler within the state of Iowa, and to collect all sums due on that account, provides as follows:

"And we do further constitute the said Erastus Ripley our general attorney in fact to transact any or all business for us, or either of us, of any kind whatsoever, in the state of Iowa; to rent houses and sign leases, and to collect money, execute receipts for the same, and to satisfy any mortgages made or to be made to us, or either of us, upon any lands in the state of Iowa; it being the true intent and meaning of this instrument to confer upon the said Erastus Ripley full, and unrestricted power and authority to act for us in all matters of every kind whatsoever arising, or that may arise, in the said state of Iowa."

It is said that the general language in this power of attorney is restrained by the special and specific authority elsewhere in the same instrument conferred. The general rule is that general terms following, in the same instrument, words which confer a specific authority, are to be held subordinate to, and as limited by, the specific authority. Instruments of this character are strictly construed; and the authority is never extended beyond that which is given in terms, or which is necessary or proper for carrying the authority so given into full effect. Story, Ag. § 68. And language, however general in its form, when used in connection with a particular subject-matter, will be presumed to be used in

subordination to that matter, and therefore is to be construed and limited accordingly. Id. § 62. Applying these rules to the power of attorney under consideration, it appears that the particular subject-matter was the business of Wheeler in the state of Iowa, relating to his real estate, including selling, mortgaging, leasing, collecting moneys due for rents or as purchase money, and including the satisfaction of mortgages. With respect to all business of this general nature within the state of Iowa, Ripley, as Wheeler's agent, had "unrestricted power and authority," and was to act as his "general attorney in fact." The settlement in question was a transaction relating to the particular subject-matter of the agency; and therefore the agent had discretionary power to accept the mortgaged premises in full for the debt.

It is also insisted that no sufficient consideration for the contract relied upon has been shown. This point is not well taken. The agreement to give up without contest all the land covered by the mortgage in satisfaction of the debt was a good and sufficient consideration for the agreement to release. The value of the land does not appear, nor is it material. It may have been more than the mortgage debt, or it may have been regarded as equal to it. The time of obtaining title and possession may have been regarded of great importance. There is some evidence tending to show that there was a defense of usury to part of the claim, which was waived. But, independently of this, we are of opinion that there was a sufficient consideration. Decree for complainant.