## Jacob Boltz and Anthony Kelker, executors of Thomas Matter, *against* Frederick Bullman.

*A lapse of eighteen years and a half is not sufficient to found a presumption of payment of a bond, and circumstances may repel that presumption.*

*The declaration of a mere stranger that a bond was paid, shall not be received in evidence.*

DEBT on obligation dated 1st August 1764, conditioned for the payment of 20l. with interest in one year.  Plea payment, with leave to give the special matter in evidence.

The defendant relied on the legal presumption of payment, after so great a lapse of time.

The suit was brought in the Common Pleas to September term 1792; 5l. 2s. 10d. was indorsed on the bond as paid 3d June 1772, and two witnesses swore, they believed the indorsement to be in the hand writing of the defendant; but another witness who had the bond in his possession for some time, swore that the indorsement was not on the bond in 1776, but must have been made since.

The plaintiffs proved that the money had been demanded from the defendant in 1792, before the commencement of the suit, and that the latter said, he was willing to pay what was due on the bond, but that he paid John Miller 10l. thereon in *1771.   He appointed a subsequent day for settlement, [*585 but did not keep his appointment.

To account for the length of time, they shewed that the testator by his will dated 3d March 1770, had devised to his widow certain bonds, which had been assigned to her; and that after his death she possessed herself of this obligation, against the consent of at least one of the executors (Boltz) and held it until the death of the said John Miller, her second husband, in 1776, when she delivered it up, and died in 1778, leaving considerable property.

On the other hand, the declarations of Kelker, one of the executors (the brother-in-law of the defendant) on the morning of the trial, were given in evidence, that the widow of Matter had received this bond with the others from him, and that some part of the bond had been paid by a note, but not to him, nor did he see any money paid.

One Melchior Ditzler was offered as a witness by the defendant, to prove the declaration of the testator's widow, that the bond had been discharged; but it was objected to, and

[Matters Ex'rs. *v.* Bullman.]

the testimony overruled by the court, because she did not appear to have been the agent of the executors, nor was she interested in the bond under the testator's will. She could only be considered as a mere stranger, acting without authority, and therefore her declarations could not be received.

The court in their charge to the jury, said, that as to the proof of actual payment, it must be submitted wholly to them. The declarations of Kelker, in derogation of his trust, and in favour of his brother in law, at that late day, were very suspicious. If he was sensible there was no money due on the bond, he was bound to stop the suit, and then his conduct would be fairly examinable in the Orphans' Court, at the instance of the legatees. If the defendant had paid money to John Miller by mistake, his estate was answerable for such payment; and if to the widow, her separate estate could be recurred to.

On the ground of presumptive payment, arising from length of time, there remained about eighteen and a half years to be accounted for. The bond was payable on the 1st August 1765, and from thence to 1st January 1776 was ten years and five months. Take off the interval from the 1st January 1776 to the 21st June 1784, under the act of assembly (passed 12th March 1783) and then recur to 1784, and count to 1792 the time of commencing the suit, the period will be about eight years and one month, making in the whole eighteen and a half years. The law for limitation of actions, does not include \*bonds and specialties, but the principle which *\*586]* gave rise to that act, extending also to them, it has been determined that where the limitation act does not apply, that period shall not be computed, in judging of the legal presumption of payment.

In the case of Oswald's executors *v.* Legh, 1 Term. Rep. 271, (the latest case in the books on this point) nineteen and a half years of itself merely were held insufficient to form the presumption; and Buller Justice in that case, said that "even "with regard to the rule of twenty years, where no demand "had been made during that time, that is only a circumstance "for the jury to found a presumption upon, and is in itself no "legal bar."

But here evidence has been given to repel the presumption. 1. The possession of the bond has been in the widow, since the testator's death. 2. The defendant has acknowledged a balance to be due on it. And 3. The defendant has indorsed on it the payment of interest in 1772, all of which tend to weaken, if not wholly to destroy the legal presumption.

Verdict for plaintiff for 40*l.* debt, 12*l.* 6s. 10d. damages, and six pence costs.

Mr. Fisher, *pro quer.*

Mr. Clymer, *pro def.*