COTTINGHAM (UNITED STATES v.). See Case No. 14,872.

## Case No. 3,268.

### COTTLE v. PAYNE.

[Brunner, Col. Cas. 59;[1] 3 Day, 289.]

Circuit Court, D. Connecticut. Sept., 1808.

ACTION ON BOND—RIGHT, WHEN ACCRUES — PAYMENT — PRESUMPTION FROM LAPSE OF TIME — COSTS—WHEN TAXED AGAINST PLAINTIFF.

1. The condition of a bond being that the defendant should carry on the business of distilling cider brandy for seven years and three months, and keep an exact account of the quantity distilled and deliver to the plaintiff when demanded one tenth part thereof, and it appearing that the defendant did carry on said business, but kept no account and delivered nothing to the plaintiff; it was held that the plaintiff could have no right of action on the bond until the end of said term.

2. Payment of a bond will not be presumed from lapse of time alone within a shorter period than twenty years; but where the demand is a stale one, the plaintiff will be held to strict proof of the amount of damages which he is entitled to recover.

3. The court, in the exercise of their discretion, will not tax costs against a prevailing plaintiff, except where he must have known that he was not entitled to recover five hundred dollars.

This was an action of debt on bond dated the 17th of April, 1780, the condition of which was that [Stephen] Payne should carry on the business of distilling brandy from cider, and should continue to do so for seven years and three months from the date of the bond, and should keep an exact account, during that term, of all brandy or other spirits distilled from cider by him, or on his account, or should deliver to [Grant] Cottle, when demanded, one tenth part of all such brandy or other spirits distilled from cider, free from expenses. The declaration averred that Payne did carry on the business for the term above specified, but kept no account and had delivered no brandy or other spirits. A special demand was alleged on the 20th of June, 1806. The action was commenced on the 10th of June, 1807. The defendant pleaded full payment. This plea was traversed and issue joined thereon.

The counsel for defendant stated that they should rely upon the lapse of time in support of the plea. By our statute of limitations no action can be sustained on any bond, bill, or note for the payment of money only, unless brought within seventeen years (St. Conn. tit. 101, c. 1, § 3); but as this bond was given for the performance of certain collateral acts, the statute does not attach upon it. The length of time in this case is such that payment is to be presumed at common law.

The counsel for plaintiff then introduced proof of the situation and circumstances of the parties to repel the presumption arising from lapse of time. It appeared that the plaintiff was a poor man; that soon after the execution of the bond he went out of the state, and was absent several years; that when he returned the defendant did not know him at first, though on hearing his name he recollected him. The defendant was a man of large property. A special demand was proved, as stated in the declaration. As to the amount of damages, it was proved that the defendant had carried on the business of distilling cider brandy for several years; but no specific quantity was proved to have been distilled except in one year. It was shown, on the other hand, that during some part of the period in question there was no cider to be had.

T. S. Williams and Mr. Trumbull, for plaintiff, contended: (1) That to raise the presumption that a bond has been paid, there must be a lapse of the full period of twenty years from its becoming forfeited, unless there be other circumstances which do not appear in this case. Colsell v. Budd, 1 Camp. 27. (2) That this bond did not become forfeited until the expiration of seven years and three months from the date; and from that time until the demand was less than nineteen years, and less than twenty years until the commencement of the action. (3) That the lapse of even twenty years affords only a presumption of payment that may be repelled, which in this case has been done by showing the plaintiff's absence from the state, and his inability, from that circumstance, and his poverty, to institute and carry on a suit. Very slight evidence is

---

[2] [From 14 N. B. R. 503.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

·sufficient for this purpose. Peake, Ev. (3d Lond. Ed.) 25.

Daggett & Goddard. for defendant, contended: (1) That in England the period of time within which a bond shall be presumed to be satisfied is not invariably fixed at twenty years, but may be eighteen or nineteen years. Oswald v. Legh, 1 Term R. 272. (2) That by the terms of the condition the defendant was to keep an exact account ·of the brandy distilled in each year. But he kept no account whatever. The condition was therefore broken and the bond forfeited at the end of the first year, which was ·more than twenty years before the commencement of the action. (3) That from the :situation and circumstances of the parties, which had been proved, the presumption of payment was rather strengthened than rebutted. The defendant was a man of property, and abundantly able to pay. If the plaintiff was poor he stood in greater need ·of his money, and was more likely to call for it. (4) That· in this state payment ought to be presumed after the lapse of seventeen years, in analogy to cases within the statute. Thus it has been held that an equity of redemption shall be barred after fifteen years' possession by the mortgagee, in analogy to the statute limiting the right of entry into lands. Smith v. Skinner, 1 Day, 124.

LIVINGSTON, Circuit Justice. This is an ·action of debt on bond, the condition of which is that the defendant should distil ·cider brandy and keep an account thereof for seven years and three months, and deliver one tenth part thereof to the plaintiff. The defendant pleads payment generally, and relies altogether upon the lapse of time since the date of the bond. In England payment is presumed in twenty years, but this rule is controlled by courts of justice where the presumption of payment is opposed by other circumstances. But in Connecticut, as the legislature have acted on this subject, and fixed a term after which bonds of a certain description shall not be enforced, it deserves serious consideration whether the rule is to be extended to cases not within the statute. Upon this point, however, the court deem it unnecessary to express an opinion. For in our view of the case the plaintiff had no right of action for his part of ·the brandy distilled until the expiration of the term of seven years and three months, which was in July, 1787; though, had the defendant distilled no brandy at all, perhaps the plaintiff might have sustained an action at the end of the first year, as such neglect would have been a breach of the condition. But if twenty years had elapsed since the cause of action accrued, we think the circumstances disclosed by the plaintiff are such as to remove any presumption of payment. (Here his honor commented minutely upon the evidence.) Though the plaintiff, upon strict principles of law, is entitled to recover, it is difficult to estimate the damages. The demand is, indeed, a stale one. The plaintiff calls upon the defendant, after a great lapse of time, for an account of the brandy he has made; yet it cannot be expected that the defendant should have kept such an account until this time. No inference is to be made against him for not producing it now. He had good reason to believe he never should be called upon. He would have been justified even had he destroyed it. Under such circumstances, it is incumbent upon the plaintiff to prove the quantity distilled. During one year the plaintiff has furnished some data, from which an estimate may be made; in no other year is there any. The jury have no right to supply this want of proof by conjecture, or to calculate that he distilled as much in other years as in this, especially when it appears that in some of these years there was no cider.

Daggett inquired whether the rule of damages should be the value of the brandy at the time of the demand, or at the time the ·right of action accrued?

PER CURIAM. The brandy was to be delivered on demand. The value at the time of the demand, therefore, is to furnish the rule. Verdict for the plaintiff for $69.21.

Daggett moved that costs be allowed the defendant, under the twentieth section of the first judiciary act. 1 Stat. 61.

PER CURIAM. The court will not exercise their discretion to tax costs against a prevailing plaintiff, except where he has knowingly brought forward an unfounded claim, or, in other words, where he must have known that he was not entitled to five hundred dollars damages. In this case the plaintiff might naturally and fairly suppose he was entitled to recover more than five hundred dollars. Motion denied.

NOTE [from original report]. Costs—Taxation against Prevailing Plaintiff.—See Greene v. Bateman [Case No. 5,762]. Payment — Presumption from Lapse of Time.—See Dox v. Postmaster General, 1 Pet. [26 U. S.] 318.