## Case No. 5,511.

### GOLDHAWK v. DUANE.

[2 Wash. C. C. 323.][1]

Circuit Court, D. Pennsylvania.    Oct. Term, 1808.

LIMITATIONS—PRESUMPTION AS TO PAYMENT OF BOND—PENALTY—INTEREST.

1. Twenty years creates a presumption of payment of a bond, if no interest has been paid in that time. If a shorter period is relied upon, the presumption should be fortified by circumstances.

[Cited in Thompson v. Phillips, Case No. 13,-974.]

[Cited in Cheever v. Perley, 93 Mass. 586.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. Nothing beyond the penalty of a bond can be recovered, but if more can be given, the damages are in the discretion of the jury, who are not bound by the rule of the contract; and, therefore, may give less than the legal, or agreed interest.

[Cited in Lawrence v. U. S., Case No. 8,145; Brobst v. Brock, 10 Wall. (77 U. S.) 535.]
[Cited in Murray v. Porter, 26 Neb. 288, 41 N. W. 1111.]

Debt on a bond for twelve hundred Sicca rupees, in the penalty of two thousand, executed at Calcutta in 1792, at twelve per cent. interest, payable in twelve months. On the 30th of December, 1794, the defendant published a notice in a Calcutta newspaper, addressed to his creditors, requiring them to bring in their accounts against him by the next day, as he was under compulsion to leave that place for England; and declaring that all accounts not so presented, would be considered as barred. The defendant, some time afterwards, but when was not proved, came to this country, where he has ever since resided. The testator [Nelson] lived not in Calcutta, but somewhere in the country, nor does it appear when he died, but probably in 1804, as the plaintiff then qualified as his executor. It was proved by one witness, that after he received from the plaintiff this bond to collect, he called upon the defendant for payment, who required time to examine his papers, stating, that he had some notion he had discharged it. He called again in about three months, when the defendant said he could find no offset against the bond, and would pay it cheerfully, if it were in his power. Payment was pleaded, and the defendant relied upon length of time, as presumptive evidence, to support the plea. The plaintiff demanded the penalty, which, at fifty cents the rupee amounted to one thousand dollars, with twelve per cent. interest, amounting to about eleven hundred dollars.

THE COURT stated to the jury, that even if the circumstance of the parties residing in different countries, was not of itself sufficient to repel a presumption of payment, and particularly at so great a distance as in this case, still, the acknowledgment by the defendant, was certainly sufficient. In common cases, twenty years creates a presumption of payment, if no interest has been paid in the mean time. If a shorter period is relied upon, the presumption should be fortified by circumstances; but in this case, the circumstances were all the other way, and repelled the presumption.

As to the claim of interest, it was the opinion of THE COURT, that nothing beyond the penalty could be recovered; but as the plaintiff's counsel appeared very confident that the law was otherwise, and had been so considered and acted upon in the courts of this state, THE COURT left it to the jury to find interest, in the name of damages, with a view to the discussion of the point, on a motion for a new trial. But THE COURT stated, that if more could be given, the damages were in the discretion of the jury, who were not bound by the rule of the contract, and that, therefore, they might give less than twelve per cent.

The jury found one thousand dollars debt, and three hundred and sixty-two dollars damages.