63b 89
22ap310

## SAMUEL E. LYON *vs.* ROBERT ADDE.

## THE SAME *vs.* RANDALL A. BROWN.

In the case of an obligation which can be extinguished by an act *in pais*—such as payment—there is an absolute presumption of payment, after the lapse of twenty years. It is a presumption of law, and can be rebutted only by some positive act of unequivocal recognition, like part payment, or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made, within the period of twenty years.

There is also another presumption—a presumption of fact, or more properly, in the nature of evidence—which can be drawn by a jury from the circumstances of the case, *in less than twenty years.*

But when the obligation can be extinguished only by deed, the rule is different. In that case, there is no presumption of law at all; but there is the the same presumption, in the nature of evidence, as in the other cases.

It is a presumption to be drawn from all the circumstances of the case; but mere length of time, by itself, will never raise it. That one circumstance, of itself, is insufficient; but it is a circumstance from which, in connection with other circumstances, the satisfaction of the obligation may be found by a jury, or decreed by a court of chancery.

At law, if there has not been a verdict, the issues are sent back, to be tried before a jury. In chancery, the presumption is drawn by the court, from all the circumstances of the case, as it would be by a jury; and not as a presumption of law.

When the relation of landlord and tenant has once been established, under a sealed lease, the mere circumstance that the landlord has not demanded the rent, cannot justify the presumption that he has extinguished the right to it by a conveyance.

As to the nature of the relations created by indentures of lease of lands, in fee, in the manor of Rensselaerwyck, that cannot be deemed an open question, in this State. It has been settled, by numerous adjudications upon the Van Rensselaer leases, in the Court of Appeals; where it has been held that such instruments are deeds of assignment, leaving no estate, reversion or possibility of reverter in the grantor; and not creating a *rent service.* But they do create a *rent charge,* which is properly styled *rent. Per* P. POTTER, J.

They create the relation of landlord and tenant; and the grantor's interest is an hereditament, descendible and hereditable.

It follows, that any release of the rent must be by deed; and that there can be no presumption of payment, arising from lapse of time.

The statement to the contrary, in *Lyon* v. *Chase,* (51 *Barb.* 14,) disapproved.

That case, standing alone, as authority to the point that "there would seem to be no distinction between the covenants in this instrument and other sealed instruments," should not be followed; especially in cases where the grantees of the estate have accepted their conveyances "*subject to the rents in the orig-*

---
Lyon *v.* Adde.
---

*inal conveyance;* which amounts to an implied covenant to pay, added to the
proof, or admission, that such rent had not been paid.

Courts can draw no conclusion of *law* from the lapse of *time* during which rent
has remained unpaid; but any presumption which they may raise must be
drawn from all the facts and circumstances of the case as evidence, in the
same manner in which a jury would draw inferences of fact.

Where premises were conveyed to the defendant by C., *subject to the rents then
due, and to become due, to Stephen Van Rensselaer and his heirs and assigns;*
*Held* that by receiving his title subject to these rents, the defendant was
estopped from denying that they were then subsisting liens upon the prem-
ises, and that the covenants to pay them were then in force.

But that if that were not so, there was at least an explicit admission, in writing,
by C., his grantor, of the subsistence of the covenant; and that, by all the
authorities, was sufficient to rebut the presumption of extinguishment; even
as against a presumption of law.

The defendant, by the deed from C., acquired only an estate *in remainder*, sub-
ject to a life estate in M.; and that life estate was conveyed to him, in 1850,
by a deed, *subject to the same conditions. Held* that by the ordinary rule, the
payment of the rents would be charged upon the tenant for life, and there-
fore the defendant did not become obligated to pay them, until he received
his deed from M. in 1850.

*Held, also,* that the lapse of time from which a presumption of payment could
be drawn must date either from C.'s deed, which was less than twenty years;
or from M.'s deed, which was but twelve years. And that neither was suffi-
cient, without other special circumstances.

It was claimed by the plaintiff that any presumption of a release was rebutted
by proof to the contrary; while the defendant insisted that the presumption
did not in the least depend upon the truth of the matter. *Held* that the
court would neither throw the fact that no release had been given, out of the
account, nor allow it to be conclusive, in rebutting the presumption. That
that fact might well be important in discovering the releasor's intention;
and that the court ought to require a greater lapse of time, and more un-
equivocal acts, to establish the presumption, than if it were in doubt as to
whether a release had been given in fact.

*Held, also,* that if the case were examined upon the theory of a presumption of
fact, even with the proof that no rent had been claimed, but with proof to a
degree of certainty, that no release had ever been given, there was sufficient
in the case to warrant a finding of the referee against the presumption of a
release, and to justify the court in holding that no such presumption arose
from twenty-five years' lapse of time. And that the case was easily distin-
guishable from the cases where a presumption has been held to arise from
the peculiar and special circumstances upon which the presumption might
be sustained.

In an action to recover rent reserved in an indenture of lease executed in 1794
to Abner Bull, it appeared that in 1817, and previously, the premises owned

by the defendant were part of a farm known in the neighborhood as the "Abner Bull farm," and were so called by a witness who, in 1817, conveyed to the defendant's grantor. *Held* that this was a sufficient identification of the premises; that the Abner Bull who owned the farm at so early a day, and so near the date of the grant, would be presumed to be the grantee in the indenture; and in the absence of proof that he owned two farms, that the one called by his name would be presumed to be the same one conveyed to him by the indenture.

Where an indenture of lease appeared, by its date, to be seventy-seven years old, at the time of the trial; and its existence was traced back for over twenty-five years; and during that time it appeared to have been in the possession of the grantor's devisee and his assigns, who were its proper owners; and in addition to this, it appeared from the presumption drawn from the evidence of a former owner, that the grantee under the indenture owned the premises conveyed by it; *it was held* that this was sufficient to render the indenture admissible in evidence, without proof of possession under it.

And that the indenture, if admissible, proved the seisin of the grantor, at the time of its date.

APPEALS by the defendants from judgments entered upon the reports of referees.

The actions were brought to recover rent upon lands alleged to be held under two indentures, by which Stephen Van Rensselaer had granted, bargained, sold, released and confirmed the premises in question, " to have and to hold the same" unto the grantees therein, their heirs and assigns forever, the said grantees, their " heirs and assigns, yielding and paying therefor, yearly, unto the said Van Rensselaer, his heirs and assigns," a rent certain; "which said rent the said" grantees did in and by the said indenture, for themselves, their " heirs, executors, administrators and assigns, covenant, promise and agree well and truly to pay to the said Stephen Van Rensselaer, his heirs and assigns, at the days and place, and in the manner above specified."

The grantee in the case first above entitled was one Young. The indenture was executed on the 22d day of August, 1805, and the defendant obtained title to said premises on the 19th day of October, 1842, by deed referring to said lease and expressed to be subject to the pay-

ment of the rents due and to become due to the said
Stephen Van Rensselaer, his heirs, assigns and represent-
atives.  The defendant's title was, however, subject to a
life estate in one Merchant, which was extinguished in
1850 by a deed from said Merchant to the defendant, con-
veying Merchant's interest subject to the payment of the
said rents, precisely as in the deed from Cole to the defend-
ant.  It does not appear that any rent had ever been paid
upon this indenture.  It did appear, however, affirmatively,
that none had been paid between 1811 and 1844, and that
none had ever been paid by the defendant, or demanded
of him.  It also appeared, affirmatively, that no release or
discharge of the said rent had been given from 1839, down
to the commencement of the action.

The grantee in the action secondly above entitled was
one Abner Bull, and the indenture was executed on the
11th day of March, 1794.  In 1817, one Edward Carr con-
veyed to one Peleg Carr the premises now owned by the
defendant, subject to a rent certain to Van Rensselaer.
These premises were a part of what was then, and for a
long time had been, known as the " Abner Bull farm;"
but there was no other evidence of its indentification with
the premises described in the indenture, except the fact
that both were situated in the same township.  In 1839
Peleg Carr and wife, by a conveyance upon the back of
the former deed, granted to the defendant all their " right,
title, interest, possession, dower, claim and demand, to the
within lands, tenements, hereditaments and premises, as
fully and amply as we hold the same."  It did not appear
that any rent had ever been paid upon this indenture; but
it did appear, affirmatively, that no rent had ever been paid
by the defendant, and that none had ever been demanded
of him.  It also appeared, affirmatively, that no release, or
discharge, of the rent had been given since 1839.

The interest of Van Rensselaer in both these indentures,

and the rents accrued upon them, and unpaid, had passed to the plaintiff before the bringing of the actions.

Other facts will appear in the opinion. This, it seems, was the second trial, in both actions. Upon the former trial, the plaintiffs had judgment, which was reversed by the general term. (*See Lyon* v. *Chase,* 51 *Barb.* 13.) That case and the present ones have been decided upon the same opinion on the second trial. The referee now reported in favor of the plaintiff, in both cases, and the defendants brought these appeals.

*W. A. Beach* and *E. Cowen,* for the plaintiffs.

*A. Bingham,* for the defendants.

*By the Court,* P. POTTER, J. These cases were formerly before this court upon the following statement of facts: "During all the time in which the defendant had been an owner of, or connected with, the premises, from 1842 down, no rent on the said indenture had been *claimed,* or paid by the defendant, or his co-tenants. That this suit was commenced on the 12th day of May, 1864." And upon this, the late general term in the third district held, *that there must be the presumption of a release.* (*See Lyon* v. *Chase,* 51 *Barb.* 14.) Upon the opinion in which case this suit was then decided by the general term.

The difference between that state of facts, and those which now appear, is in the want of proof that no rent has been claimed; in the proof that there has in fact been no release; and, in the first of the above entitled cases, there is a difference in the diminished time between the deed to the defendant and the beginning of the action, from that during which the rent appeared to have been unpaid, upon the former appeal; and also in the effect of the deeds to the defendant.

The last consideration (if the case was correctly decided before) may be important. If, by taking his title to the premises subject to the payment of the rents secured by

this indenture, the defendant is estopped from denying that those rents were valid claims upon the premises, then it becomes entirely immaterial whether the rule to be applied in this case is that as to the presumption of the payment of an instrument of *debt*, or, that as to the presumption of a *release* of rent, from *landlord to tenant;* because the period prior to the commencement of this action was less than twenty years.

But if no such estoppel was effected by the conveyance to the defendant, then other and different questions will arise. It will be necessary to ascertain whether the rule as to the presumption of payment of an instrument of *debt* is to be applied; and if not, whether there is here a valid presumption of a *release;* and if so, whether proof that no release has, in fact, been executed is sufficient to rebut that presumption.

As these questions will *necessarily* arise in the second of the above cases, I will therefore examine them first.

The difference as to the rules of presumption, as I understand it, is this. In the case of an obligation which can be extinguished by an act *in pais*—such as payment—there is an absolute presumption of payment, after twenty years. It is a presumption of law, and can be rebutted only by some positive act of unequivocal recognition, like part payment, or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made, within the period of twenty years. There is also another presumption—a presumption of fact, or, more properly, in the nature of evidence, which can be drawn by a jury from the circumstances of the case, *in less than twenty years.* (*Cheever* v. *Perley,* 11 *Allen,* 587. 1 *Greenl. Ev.* § 39. *Botts* v. *Ballman,* 1 *Yeates,* 584. *Cottle* v. *Payne,* 3 *Day,* 289. *Winstanley* v. *Savage,* 2 *McCord's Ch.* 435. *Goldhawk* v. *Duane,* 2 *Wash. C. C.* 323. *Blake* v. *Quash,* 3 *McCord,* 340, 343. *Henderson* v. *Hamilton,* 1 *Hall,* 314. *Jackson* v. *Pratt,* 10 *John.* 381. *Bander* v. *Snyder,* 5 *Barb.*

63.) But when the obligation can be extinguished only by deed, *the rule is different.* In that case, there is no presumption of law at all; but there is the same presumption, in the nature of evidence, as in the other cases. It is a presumption to be drawn from all the circumstances of the case; but mere length of time, by itself, will never raise it. That one circumstance, of itself, is insufficient; but it is a circumstance from which, in connection with other circumstances, the satisfaction of the obligation may be found by a jury, or decreed by a court of chancery. And the cases upon this question are all consistent. At law, if there has not been a verdict, the issues are sent back, to be tried before a jury. In chancery, the presumption is drawn by the court, from all the circumstances of the case, as it would be by a jury; and not as a presumption of law. (*Woodfall*, 487. *Runn.* 276. 1 *Phil. Ev.* 160, *ed. of* 1839. *Eldridge* v. *Knott, Cowp.* 214. *Mayor of Hull* v. *Horner, Id.* 102. 2 *Burr.* 1071. *Palmer* v. *Wettenhall*, 1 *Ch. Cas.* 184. *Collet* v. *Jaques, Id.* 120. *Boleter* v. *Massey, Rep. Temp. Finch*, 241. *Livingston* v. *Livingston*, 4 *John. Ch.* 287.) This last case is in point. The chancellor says, at page 292: "How can the lapse of time be brought in as presumptive evidence of payment when the defendant, in his answer, admits the original covenant to pay, and does not pretend to any payment?" In *Jackson* v. *Davis*, (5 *Cowen*, 130, 131,) the court say, (page 131:) "When the relation of landlord and tenant has once been established, under a sealed lease, the mere circumstance that the landlord has not demanded the rent cannot justify the presumption that he has extinguished the right to it by a conveyance," &c. (*Cole* v. *Patterson*, 25 *Wend.* 456, 458. *Failing* v. *Schenck*, 3 *Hill*, 345, 346. *Bailey* v. *Jackson*, 16 *John.* 211. *Tyler* v. *Heidorn*, 46 *Barb.* 462, 463.)

The question as to whether there are cases in which an absolute presumption of law can be drawn, will be determined, therefore, by considering the relations which

were created by the indentures; and that cannot be deemed an open question, in this State. It has been settled by numerous adjudications upon the Van Rensselaer leases, in the Court of Appeals ; and it has been held that such instruments are deeds of assignment, leaving no estate, reversion or possibility of reverter in the grantor; and not creating a rent service. (*Depeyster* v. *McMichael,* 6 *N. Y.* 507. *Van Rensselaer* v. *Hays,* 19 *id.* 68, 71, 76, 83. *Van Rensselaer* v. *Dennison,* 35 *id.* 393, 399, 400.) But they do create a *rent charge,* which is properly styled *rent.* (*Cases supra. Also Van Rensselaer* v. *Ball,* 19 *N. Y.* 107. *Same* v. *Snyder,* 13 *id.* 299, *and cases cited by Selden, J.*) That they create the relation of landlord and tenant, (*Van Rensselaer* v. *Smith,* 27 *Barb.* 104 ; *Same* v. *Snyder, supra; Hunt* v. *Comstock,* 15 *Wend.* 665; *Depeyster* v. *McMichael, supra; Tyler* v. *Heidorn,* 46 *Barb.* 450 ;) and that the grantor's interest is an hereditament, descendible and hereditable. (*Van Rensselaer* v. *Hays, supra. Same* v. *Read,* 26 *N. Y.* 558. *Tyler* v. *Heidorn, supra. Nicoll* v. *N. Y. and Erie R. R. Co.,* 12 *N. Y.* 131, 132.) It follows that any release of the rent must be by deed; and that there can be no presumption of payment, in law, from lapse of time.

I am, therefore, constrained to dissent from Justice Ingalls' statement, in *Lyon* v. *Chase,* (51 *Barb.* 14,) to the contrary effect, viz : That " there would seem to be no distinction between the covenants contained in the instrument in question and other sealed instruments, so far as the presumption of payment or extinguishment is concerned." That remark of the learned judge appears to me to have been founded upon a misconception of the case of *Van Rensselaer* v. *Dennison,* (*supra,*) to which he refers. That case, it is true, holds an instrument like this indenture to be a deed of assignment, and not a lease. So had all the previous cases. But it evidently was not intended, by simply stating this proposition, to overrule

all the previous decisions, as to the *status* of the grantor; and that very clearly appears from the opinion of the court, at page 400, where it is stated that, nevertheless, such an instrument creates a *rent charge*, which is an hereditament, devisable and assignable.

The case of *Lyon* v. *Chase*, standing alone, as authority to the point that "there would seem to be no distinction between the covenants in this instrument, and other sealed instruments," it will not do to follow; especially in cases where the grantees of the estate have accepted their conveyances " *subject to the rents in the original conveyance,*" which amounts to an implied covenant to pay, added to the proof, or admission, that such rent had not been paid. Indeed, it is in conflict with an opinion in the same court, in *Tyler* v. *Heidorn*, per HOGEBOOM, J., (46 *Barb.* 463.) The only cases where presumption is allowed, is a presumption to *be found from extrinsic facts*, (not of law,) such as in the case of *Livingston* v. *Livingston*, (4 *John. Ch.* 294,) distinguished from the same title, in the case next preceding it, page 287, in the same volume. In that case, the original conveyance contained a reservation of rent, but no rent had been claimed or demanded for forty-four years, which was from the beginning. The lessor never demanded or received rent; his son, who inherited, never received or demanded any; and the grandson, who also inherited, never received or demanded rent. The estate was in possession of infant heirs, and the original lease and counterpart were lost; and no affidavit of its loss produced. The chancellor held that *the facts* authorized the *presumption* of a release or extinguishment. Strong exceptional cases of this kind are to be found, where, from *facts*, a presumption may be found. I think the distinction between presumptions of law, and presumptions that may be drawn from facts to be established on a trial, is clear, and (with great respect) must have been overlooked by the learned judge, in *Lyon* v. *Chase*.

The result is that we can draw no conclusion of *law* from the lapse of *time* during which the rent has remained unpaid; but any presumption which we may raise must be drawn from all the facts and circumstances of the case as evidence, in the same manner in which a jury would draw inferences of fact. Lapse of time is, doubtless, a circumstance, and perhaps a strong one, to be used as *evidence*, in raising such a presumption; but is, of itself, not at all conclusive, and unless of great extent, perhaps not, ordinarily, sufficient. It is necessary, therefore, to look into the facts of the cases.

The first entitled case is quite plain. It appears that the premises in question were conveyed to the defendant by one Cole, *subject to the rents then due and to become due, to Stephen Van Rensselaer and his heirs and assigns.* This conveyance was executed on the 19th day of October, 1842. I hold, upon the authority of *Freeman* v. *Auld,* (44 *N. Y.* 50,) that by receiving his title subject to these rents, the defendant is estopped from denying that they were then subsisting liens upon the premises, and that the covevants to pay them were then in force. But, if that be not so, here is at least an explicit admission, in writing, by Cole, his grantor, of the subsistence of the covenant; and that, by all the authorities, is sufficient to rebut the presumption of extinguishment, even as against a presumption of law. (*Cheever* v. *Perley,* 11 *Allen,* 587. 1 *Cowen & Hill's Notes,* 317, *ed. of* 1839.) And the defendant acquired only Cole's title. But it appears, further, that the defendant, by the deed mentioned, acquired only an estate *in remainder* subject to a life estate in one Merchant; and that this life estate was conveyed to him, in 1850, by a deed *subject to the same conditions.* By the ordinary rule, the payment of the rents would be charged upon the tenant for life, and therefore the defendant did not become obligated to pay them, until he received his deed from Merchant, in 1850. And in this case, that deed

Lyon *v.* Adde.

would have had the same effect as has already been ascribed to the deed from Cole. Be this as it may, the lapse of time from which the presumption has been sought to be drawn must date either from Cole's deed, or Merchant's deed. In the latter case, there is but twelve years; in the former, there is less than twenty years; but neither is sufficient, without other special circumstances, such as this case does not disclose.

The judgment in the first of the above cases must therefore be affirmed.

The other case will present more difficulty. The effect which has been given to Cole's and Merchant's deeds cannot be here ascribed to Carr's deed to the defendant Brown, because although that deed is drawn upon the back of, and refers to, the former deed, which expressly conveyed the premises subject to the rents, still it does not perpetuate that condition. On the contrary, it purports to convey *all Carr's interest*, without in the least disclosing what that may be, and refers to the former deed only for a description of the premises. *Non constat*, as far as the deed to the defendant is concerned, but what Carr might have obtained a release of the rents prior to 1839, and then the defendant would, by that deed, have taken the land free of the burthen.

The case then stands thus: The deed to Carr shows that in 1817 the rent was a subsisting obligation, and Carr was personally bound to pay it. From that time until 1839 it does not appear that any rent was paid; neither does it appear that the rent was not paid; nor that any release or discharge was given. From 1839 to the bringing of this action—a period of twenty-five years—it appears affirmatively that no rent has been paid; and that none had been demanded of the defendant; but on the other hand, it is shown that no release or discharge has been given.

As to the first period, I am inclined to think that from

the ordinary legal presumptions of continuance of a fact once proved, and the special adjudications, the relations of landlord and tenant, once proved, will be presumed to continue; though a presumption of the payment of the rent might probably be drawn. But as I cannot find any adjudged case which specially establishes that doctrine, I will at present lay it out of account. I think, however, that the case of *Tyler* v. *Heidorn*, (46 *Barb.* 461,) must control us in disregarding that period; and as I cannot find a case where the presumption has been drawn in which the fact of non-payment was not affirmatively proved, as a question of fact, I am the more inclined to bow to its authority and act upon it. Our consideration will, therefore, be limited to the remaining period of twenty-five years.

It is claimed by the plaintiff that any presumption of a release is rebutted by this : that the fact is proven to have been otherwise. The defendant, on the other hand, insists that the presumption does not in the least depend upon the truth of the matter. The adjudged cases upon this question are not as satisfactory as could be desired. In *Hillary* v. *Waller*, (12 *Ves.* 239,) it is said by the master of the rolls, (p. 252,) and by the lord chancellor, (p. 266,) that "presumptions do not always proceed upon a belief that the thing presumed has actually taken place." But "it is because there are no means of creating belief, or disbelief, that such general presumptions are raised upon subjects of which there is no record or written muniment." But this is by no means saying that you can presume directly in the face of your belief. Again, Lord Mansfield's remark in *Eldridge* v. *Knott*, (*supra*,) that " a grant is presumed, for the purpose of quieting the possession," has been extensively quoted, and is referred to here as authority, by the defendant. But *Eldridge* v. *Knott* proves too much for the defendant's case. Though Lord Mansfield did make the remark ascribed to him, as to the quieting of possession, in certain cases, he also added as follows :

"But in this case *there is mere length of time* (37 years) which, *barely as such*, ought not to be received as a bar; and if so, the case stands without a pretense for supposing a *release* or extinguishment." And Ashton, J., in the same case, said: "A presumption from mere length of time which is to *support* a right, is very different from a presumption to defeat a right." There the presumption was claimed to defeat the landlord's right to the rent; and Baron Eyre had, on the trial, left it to the jury as a *fact*, whether, from an acquiescence for thirty-seven years, they would not presume a release or extinguishment. The jury found it was released or extinguished; and the court reversed the judgment. These views of the judges were cited with approbation, in our Supreme Court, in *Jackson* v. *Davis*, (5 *Cowen*, 132.)

But the case before us is not a case where the possession would be quieted, because, (as was observed by the late Supreme Court, in *Jackson* v. *Davis*, 5 *Cowen*, 132,) "the defendant's possession as tenant is not inconsistent with the plaintiff's title." It cannot be denied, however, that many cases have been decided upon the *presumed intention* of the party who is to be supposed to have given the release; and this ground of presumption is very clearly stated by Chancellor Kent in the case of *Giles* v. *Baremore*, (5 *John. Ch.* 550.) Although that was a case where, as appears from its *facts*, the presumption applied was one in the nature of evidence drawn by the court from the intention of the party. The case of *Jackson* v. *Welden*, (3 *John.* 283, 290,) proceeds upon the ground of estoppel, by long acquiescence with knowledge of the adverse claim. These cases, if they give any support to the defendant's position, must stand upon the ground of the right to presume a release simply because of the party's having entertained the intention of giving one to be inferred from his knowledge of his rights, and sitting still without asserting them, and permitting others to acquire interests and

consider themselves the owners of property. If this be a good ground, then just as soon as the *intention* is established, the fact as to whether the release was actually given, becomes entirely immaterial. But, on. the other hand, this is entirely opposed to the very rule under which we must draw the presumption, if we draw it all. If we are right in our views of the law, it must not be forgotten that in this case we cannot draw a presumption of law, but only a presumption in the nature of evidence. Evidence of what? The adjudged cases answer; evidence that the release has been given; evidence that it has not, if of equal strength, will clearly destroy it. And when the evidence to the negative is conclusive, it must be stronger than any which can be presumed to the contrary. Again; all the cases hold that a clear acknowledgment by the party claiming the presumption will rebut it, even when it is one of law. But if the sole ground be the intention of the one against whom the presumption is raised, how can the admission of any one else effect that? I think that we must strike a middle course, and neither throw the fact that no release has been given, out of the account, nor allow it to be conclusive in rebutting the presumption. That fact may well be important, in discovering the releasor's intention. And I apprehend that we ought to require a greater lapse of time, and more unequivocal acts, to establish the presumption, than if we were in doubt as to whether a release had been given in fact.

On the former appeal, in these actions, in the general term, the presumption of release was drawn after twenty-two years of non-payment, when it appeared not only that no rent had been demanded, but that none had been claimed. That appears to be the only instance to be gathered from the reported authorities, when such a presumption has been drawn in less than thirty years; and that with other circumstances to aid it. And if we examine this case upon the theory of a presumption of fact,

Lyon *v.* Adde.

even with the proof that no rent has been claimed, but with proof to a degree of certainty that no release has ever been given, there is sufficient in the case to warrant the finding of the referee, and to justify us in holding that no presumption arises, of a release, from twenty-five years' lapse of time; and that this case is easily distinguished from the cases where a presumption has been held to arise from the peculiar and special circumstances upon which the presumption may be sustained.

It remains to examine the minor questions raised by the defendant, in his argument.

First, he claims that there is no proof that these are the same premises conveyed by the indenture reserving rent. It appears that this indenture was executed in 1794, to Abner Bull. That in 1813, and previously, the premises owned by the defendent were part of a farm known in the neighborhood as the "Abner Bull farm." They were so called by the witness Carr, who, in 1817, conveyed to the defendant's grantor. The question on this point is, whether this is a sufficient identification. The deed from Carr will not help us any, because its description does not at all correspond with that in the original indenture, except that it appears that the lands conveyed are situated in the same township.

It is an established rule that persons of the same name will be presumed to be the same person, at least until it appears that there are two persons bearing that name. (2 *Cowen & Hill's Notes, ed. of* 1839, *p.* 130.)

With considerable hesitation, I have come to the conclusion, in the absence of special authority either way, that the same rule should be applied to parcels of land owned by the same person. The Abner Bull who owned this farm at so early a day, and so near the date of the grant, will therefore be presumed to be the grantee in the indenture. And in the absence of proof that he owned two farms, the one called by his name will be presumed

to be the same one conveyed to him by the indenture.' This is, perhaps, slender evidence upon which to sustain the identity. But in ascertaining facts relating to the ancient possession and claim of lands, courts will both receive and give effect to evidence which would, for other purposes, be inadmissible and inconclusive if offered to prove events occurring within the period of the memory of living witnesses.

The defendant further claims that the indenture should not have been admitted in evidence, because there was no proof of possession under it. Under the decisions, that does not appear to be necessary. It is said that if a deed appears to have been in existence for thirty years, and during that time to have been in the proper custody, it is sufficient if something is shown, in addition, tending to establish the authenticity of the instrument. "If possession has accompanied the deed for that length of time, that is enough. If not, other circumstances may be resorted to, for the purpose of raising the necessary presumption in favor of the deed." (*Clark* v. *Owens*, 18 *N. Y.* 437.) It is also said that "a deed appearing to be of the age of thirty years may be given in evidence without proof of execution, if such an account be given of it as may, under the circumstances, be reasonably expected, and will afford the presumption that it is genuine." (*Enders* v. *Sternbergh*, 1 *Keyes*, 268. *Jackson* v. *Laroway*, 3 *John. Cas.* 288. *Hewlett* v. *Cock*, 7 *Wend.* 371. *Bogardus* v. *Trinity Church*, 4 *Sandf. Ch.* 633.) This indenture appears, by its date, to have been seventy-seven years old, at the date of the trial.

Its existence is traced back for over twenty-five years, and during that time it appears to have been in the possession of the grantor's devisee and his assigns, who were its proper owners. In addition to this, it appears by the presumption already drawn from Carr's evidence that the grantee under the indenture owned the premises conveyed

The People *v.* Van Valkenburgh.

by it. I am of the opinion that that is sufficient to render it admissible within the rules of the cases already cited.

The defendant's claim that Van Rensselaer is not proved to have been seised, at the date of the indenture, is not tenable. The indenture, if admissible, proves the seisin. (1 *Greenl. Ev.* §§ 141, 144.)

For these reasons, I am of the opinion that both judgments should be affirmed, with costs.

Judgments affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1872. *Miller, P. Potter* and *Parker*, Justices.]