WILLIAM R. MURRAY, AND THE FIRST NATIONAL·
BANK OF PLATTSMOUTH, NEBRASKA, APPELLANTS,
V. WILLIAM B. PORTER, DEBORAH H. PORTER,
JANE R. PORTER, WILL H. PORTER, AND ALVA
A. PORTER, APPELLEES.

[FILED APRIL 4, 1889.]

1. **Real Estate Mortgage:** INDEMNITY MORTGAGE TRANS-
    FERRED: FORECLOSURE BY ASSIGNEE. Plaintiff purchased of
    defendant certain real estate upon which a mortgage had previ-
    ously been executed by defendant to a third party. To indem-
    nify plaintiff against loss resulting from the foreclosure of said
    mortgage, and against damages resulting from the lien thereby
    created, defendant executed to plaintiff a mortgage on other·
    real estate, which mortgage, as collateral security, plaintiff as-·
    signed to his co-plaintiff. The mortgage to the third party
    was foreclosed, the land purchased of defendant by plaintiff sold
    at judicial sale, the sale confirmed, and a deed executed to the·
    purchaser. In an action by plaintiff to foreclose the indemnity·
    mortgage, it was *held*, that said mortgage was assignable, and
    that the suit could be maintained thereon by the assignee.

2. ———: ———: EVICTION. In such case the condition of the in-
    demnity mortgage being to save plaintiff harmless from all
    suits, decrees, judgments, orders of sale, executions, and all
    damages growing out of the breach of warranty, it was *held*,
    that an eviction from possession was not necessary, it having
    been shown that the title had been transferred to the purchaser
    under the foreclosure of the mortgage to indemnify against
    which the mortgage in this suit was given.

APPEAL from the district court of Cass county. Heard
below before APPELGET J, sitting for CHAPMAN, J., and
FIELD, J.

*Covell & Polk*, and *E. H. Wooley*, for appellants, cited :
*Pillsbury v. Mitchell*, 5 Wis. 17 ; *Coleman v. Post*, 10 Mich.
422 ; *Ide v. Spencer*, 50 Vt. 293 ; Rawle on Covenants of
Title, sec. 92 ; *Collier v. Gamble*, 10 Mo. 467 ; *Webb v.*

*Alexander,* 7 Wend. 284; *Beddoe's Ex'r v. Wadsworth,* 21 Wend. 120; Jones on Mortgages, vol. I, sec. 802, and vol. II, sec. 1489.

*M. A. Hartigan,* for appellee, cited: Martindale on Conveyancing, sec. 471, and authorities cited; *Swan v. Yaple,* 35 Iowa, 248; *Ellison v. Daniels,* 11 N. H. 274; *Peters v. Jamestown Bridge Co.,* 5 Cal. 334; *Kuhns v. Bankes,* 15 Neb. 96, 97; *Hooker v. Eagle Bank,* 30 N. Y. 83; *Doremus v. Williams,* 4 Hun, 458; Abbot's Trial Evidence, p. 2; *McHugh v. Smiley,* 17 Neb. 620, 626, and cases cited; *Gregory v. Hartley,* 6 Id. 361; *Wilson v. Stillwell,* 9 Ohio St. 468; *Manahan v. Smith,* 19 Id. 384.

REESE, CH. J.

This action was instituted in the district court of Cass county, and was for the foreclosure of a mortgage on the northeast quarter of the southwest quarter, and the southeast quarter of the northwest quarter, of section twenty-six, town twelve, range thirteen east, in said county. The mortgage was in the usual form, conveying the real estate to William R. Murray, and contained among others the following provision:

"Provided always, and these presents are upon this express condition, that if the said Deborah H. Porter and William B. Porter, or if any person for them, or their heirs, executors, or administrators, shall save the said William R. Murray harmless in the premises following, that is to say: that whereas, Jane R. Porter has bargained and sold and conveyed to the said William R. Murray the following-described real estate, to wit: the northeast quarter ($\frac{1}{4}$) of the southeast quarter, ($\frac{1}{4}$,) and the southeast quarter ($\frac{1}{4}$) of the northeast quarter, ($\frac{1}{4}$,) of section twenty-seven, town twelve, range thirteen east, of the sixth P. M.; and there being a certain lien upon a portion of said land sold to William R. Murray by Jane R. Porter, to wit, a

trust deed or mortgage to secure the payment of $1,900, and said mortgage deed or trust deed being now a valid and subsisting lien as aforesaid sold; now, if the said Deborah H. Porter and William B. Porter shall make good the covenants contained in the deed of Jane R. Porter to the said William R. Murray, and shall satisfy and discharge said lien as the same shall mature, and save the said William R. Murray harmless from all suits, decrees, judgments, orders of sale, executions, and all damages growing out of a breach of warranty, then the conditions of this indenture are fully complied with and of none effect; otherwise of full force and virtue in law."

It was alleged in the petition, that on the 20th day of March, 1880, the defendant, Jane R. Porter, sold and conveyed, by warranty deed of full covenant, to the plaintiff, William R. Murray, the land described in her deed, for the consideration of two thousand dollars; that Murray entered upon the land, and has since continued to occupy and improve it, and that it was worth, at the time of the commencement of the action, $5,000; that prior to making of said deed to plaintiff Murray, defendant Jane R. Porter had made and delivered to one L. W. Tulleys, trustee, a mortgage on said land, with others, to secure a loan of money to defendant William B. Porter and Deborah H. Porter, which mortgage was in force and unliquidated at the time of the sale, and was a lien upon the land; that to induce said Murray to purchase the land, and make him secure against the mortgage referred to, defendants William B. Porter and Deborah H. Porter executed and delivered to him the mortgage upon which the suit is brought, for the sum of $2,000, to indemnify him against loss or damage resulting from the mortgage to Tulleys upon the land purchased; that in the year 1886 plaintiff Murray had become indebted to plaintiff bank, and to secure the same had made a deed to the bank for the land described in the mortgage, with other lands, said deed being absolute in form, but in

fact a mortgage, and had taken a bond to secure a reconveyance of the same upon condition that he should pay to the bank the money which he owed to it, and should also pay a prior mortgage executed to one C. H. Parmlee; that the defendants, Porters, did not pay the mortgage to Tulleys, but made default thereon, and that Tulleys by a proper proceeding in the United States circuit court for the district of Nebraska, had foreclosed the same and caused the land in section twenty-seven, originally sold to Murray, to be sold to satisfy the decree entered by said court; that the mortgage foreclosed was the one against which the mortgage in suit in this case was to serve as an indemnity; that by reason of the failure of the Porters to pay the indebtedness to Tulleys, and the subsequent foreclosure sale and conveyance of plaintiffs' land, the mortgage had become absolute, and was subject to a foreclosure, which was prayed.

Answers were filed to the petition, one being denominated the separate answer of Deborah H. Porter and William B. Porter; one the separate answer of Will H. Porter and Alva A. Porter, his wife; the other the separate answer of Jane R. Porter. On account of their great length, these answers will not be set out in this opinion; but their substance will be noticed in the discussion of the questions presented. The reply denied the affirmative allegations of the answers.

A trial was had to the district court, in which the court found that the land sold on March 20, 1880, by Jane R. Porter to plaintiff Murray, "exceeds in value the sum of $3,137.10; that plaintiffs had been in actual possession and enjoyment thereof from that date to the time of the decree, and were still in such possession, and during said time had the rents and profits thereof, and which they were still enjoying; that Deborah H. Porter, the wife of William B. Porter, defendant, owned in her own name and right on said day, the land described in section twenty-six; and that on that day she with her husband executed a mortgage of

indemnity to Murray thereon, containing the proviso here-inbefore quoted; that on the 14th day of July, 1886, before the commencement of this action, Murray transferred all his interest in the mortgage to the plaintiff bank, and that having no interest in the subject-matter of the action, he was not a proper party plaintiff; that the amount of the mortgage, the payment of which the mortgage sought to be foreclosed in this suit was given to secure, was $1,900, and was executed upon the lands described in the decree, among which was the land in section twenty-seven described therein; and that said mortgage had been foreclosed, the land sold, and the sale confirmed, the amount of the decree and fees being $3,595.48, which was rendered on the 26th day of March, 1885; that on the 11th of February, 1886, Murray sold and conveyed to the bank the land sold to him by Jane R. Porter, which was before the land had been advertised for sale and sold under the foreclosure of the $1,900 mortgage to Tulleys; that the sum secured by the mortgage sought to be foreclosed in this action, was the sum of $2,000, which, together with the interest, amounted to $3,137.10; that there was a default in the payment of the $1,900 mortgage, by reason of which the conditions of the mortgage declared on in this case had become broken.

A decree was entered in favor of the bank, foreclosing plaintiff's mortgage, ordering the land to be sold for the purpose of paying the $3,137.10 found due thereon, and "that the said William R. Murray be dismissed as one of the plaintiffs from this action."

From this decree defendants appeal.

Four questions are presented for decision, arising out of the allegations of the answers, which are:

First— The contention presented by the demurrer originally filed and by the answer, that the petition does not state a cause of action.

Second — That the mortgage sought to be foreclosed did not run to Murray nor his assigns, but to him only, and was

not assignable; and that when the court found that he had parted with the land, and suffered no damage, the bill should have been dismissed.

Third — That neither Murray nor the bank have been evicted by paramount title, nor had either of them paid anything to remove the mortgage lien on the land in section twenty-seven, and, therefore, they were not entitled to a foreclosure of the mortgage declared on in the petition.

Fourth — That the mortgage described in the petition is in the nature of a bond for the specific sum of $2,000, and that the liability of Deborah H. and William B. Porter thereunder cannot be enlarged by the addition of interest; that by the terms of the mortgage they promised to indemnify Murray to the extent of $2,000 and no more.

As the questions presented by the first and third assignments are substantially the same, the first will not be here noticed.

As we have seen, it was found by the district court that the mortgage executed to Murray had been duly assigned to the bank. We cannot quite agree with the conclusion of the district court, that by the assignment Murray had divested himself of all interest in it, it being clearly shown that the assignment was only intended as a security. But this is not, perhaps, material; at least nothing is claimed upon that ground by appellants. It would, no doubt, have been competent for the bank alone to institute and maintain the action under the provisions of section thirty of the Civil Code; but the proceeds of the suit, although inuring to the bank, would be to the credit of Murray; upon his indebtedness to it. In the absence of other conditions, we entertain no doubt but that the mortgage was assignable, and that the bank, either with or without associating itself with Murray as plaintiff, could maintain an action upon it.

Upon the contention that there had been no eviction of Murray, nor the bank, and that, therefore, the action could not be maintained, it is the opinion of a majority of the

court that for the purpose of the foreclosure of the mortgage no eviction was necessary, the condition of the mortgage being to save Murray harmless from suits, decrees, judgments, orders of sale, executions, and all damages growing out of a breach of the warranty in the deed, there having been sufficient proof that the mortgage had been enforced against the land purchased by Murray and a sale made by which the title passed to the purchaser, and thereby the condition of the mortgage broken. (*Gregory v. Hartley*, 6 Neb. 356; *Stout v. Folger*, 34 Iowa, 74; *Lathrop v. Atwood*, 21 Conn. 117; *In re Negus*, 7 Wend. 499; *Thomas v. Allen*, 1 Hill, 145; *Churchill v. Hunt*, 3 Denio, 321; *Wilson v. Stilwell*, 9 O. St. 467.)

To this the writer does not fully agree. The proof and findings of the court show that plaintiffs have not been disturbed in their possession, and it is further shown by the evidence that the right to the possession is in dispute between Murray and the purchaser at the foreclosure sale. If defendants sustain plaintiff's possession, or by any other means prevent the disturbance thereof under his purchase, which might be done, and thus avoid an eviction, we can see no equitable ground for a recovery in this case.

While there is no direct proof of a conveyance by the commissioner to the purchaser at the foreclosure sale in the United States circuit court, yet there is, perhaps, sufficient in the record to justify the district court in finding that such deed had been issued, the proof being made by the introduction of an answer of defendants in another suit, in which Murray and the bank was plaintiff, and A. B. Smith, Henry W. Yates, James R., William B., and Jane R. Porter, were defendants. In that answer an admission was made of the execution of the deed, and as it is not contended in this court that there was no proof of its execution, we will treat the fact as conceded.

The last contention of the appellants is that the mortgage is in the nature of a bond for the specific sum of

$2,000, and that the liability of Deborah H. and William B. Porter thereunder cannot be enlarged by the addition of interest. In other words that these parties bound themselves and their land to the extent of $2,000, and no more, to indemnify Murray.

Upon this branch of the case, also, a majority of the court agree with the district court and affirm its decision, the conclusion being that according to the rule stated in the cases above cited, the mortgage having been executed as a security for the purchase price of the real estate bought of defendants by Murray, and the title having failed, plaintiffs were entitled to a return of the purchase price, with legal interest. (*Long's Adm'r v. Long,* 16 N. J. Eq. 59, and cases cited; *Goldhawk v. Duane,* 2 Wash. C. C. 323; *Ives v. Bank,* 12 Howard, 159; *Wallace v. Wilder,* 13 Fed. R. 716; *The "Wanata,"* 5 Otto, 617; *U. S. v. Arnold,* 1 Gall. C. C. 348.)

It follows that the decree of the district court must be affirmed, which is done.

DECREE AFFIRMED.

THE other Judges concur.