MACAULEY *v.* PALMER *et al.*

*(Supreme Court, General Term, First Department.   July 9, 1889.)*

1. PARTNERSHIP—LIABILITY OF FIRM FOR ACT OF PARTNER.
   P. and K. were partners in the sale of cotton as agents for plaintiff's firm.   They sold the cotton and deposited the proceeds, less their commissions, according to instructions, in a bank designated by plaintiff's firm.   Subsequently K., for the purpose of procuring his release from arrest, and not for any apparent partnership purpose, induced the banker to return the proceeds of the cotton to the purchasers. Neither P. nor K. received any part of the proceeds so returned.   *Held*, that this act of K. did not create any partnership liability.

2. PAYMENT—PRESUMPTION AFTER TWENTY YEARS.
   There is an absolute presumption of payment of an obligation, which has remained unacknowledged for 20 years from the time it became payable, independently of statute, and without regard to the non-residence of the debtor.

3. EVIDENCE—DECLARATIONS.
   The examination of plaintiff by defendants in reference to a letter sent to plaintiff by the banker, stating that the money had been deposited with him under certain conditions not specified, did not make the letter admissible against defendants, it being the mere declaration of a third person.

Appeal from circuit court, New York county.

Action by John L. Macauley, as surviving partner, etc., against Joseph R. Palmer and Robert B. Kingsbury, to recover the sum of $17,763.87 and interest since April 10, 1864, being the proceeds of certain cotton sold by defendants as agents of plaintiff's firm.   Defendant Kingsbury was not served with process.   From a judgment entered on dismissal of the complaint after trial plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. Laflin Kellogg,* for appellant.   *Burrill, Zabriskie & Burrill,* for respondents.

VAN BRUNT, P. J.   The plaintiff offered proof tending to show that he and one James A. Macauley, now deceased, were copartners in the years 1863 and 1864, in Texas, while the same was in possession of the rebels during the late war, in buying cotton, and getting it through the rebel lines, and selling the same either in Mexican or other markets; that 167 bales of cotton, the proceeds of which are the basis of this suit, were purchased by the plaintiff's firm in October 1863; that some time prior to the 28th of January, 1864, James A. Macauley, the deceased partner, made an arrangement with the defendants, Palmer & Kingsbury, for the sale of this cotton, and wrote a letter to them, stating the terms of the arrangement, and directing them to pay over the proceeds of any sale to Mr. José San Roman, a banker at Brownsville, Tex.   On the 5th of March, 1864, another letter was written by Mr. Macauley to Mr. Palmer individually, directing him to deposit the money, in case the matter should be closed, with San Roman, and in that event to send him a statement and duplicate receipt.   The cotton in question was sold by Palmer & Kingsbury, and the proceeds received by them, and $10,670 (being the balance left after the deductions which they were authorized to make) were deposited by them with José San Roman.   There is evidence upon the part of the defendants, namely, that of Palmer, that advices of this deposit were sent to Mr. Macauley, who at this time thought it safer to reside in Havana than in Texas.   There is no proof, however, of the receipt of such advices except such as may be inferred from an apparent knowledge on the part of Macauley that the $10,670 had been deposited by Palmer & Kingsbury with San Roman, according to his instructions.   It further appears from the evidence offered upon the part of the plaintiff that a few days after the deposit of this money with San Roman, and after Palmer had left Brownsville, Kingsbury, accompanied by a guard of federal soldiers, came to the house of San Roman, and that Kingsbury directed San Roman to deliver the money which Kings-

bury & Palmer had deposited with him to the purchasers; and that the money was returned in the same packages in which it was received. There was also evidence tending to prove that at this time Kingsbury was under arrest, and that such arrangement was made after his arrest, and it was by means of the surrender of this money that he procured his release. And it further appears that neither Palmer nor Kingsbury ever retained a dollar of the proceeds thus deposited and returned. In July, 1885, this action was commenced against the defendant Palmer, to recover the proceeds of said bales of cotton. The answer of the defendant alleged payment, set up several statutes of limitations, and also alleged that the cotton which the defendants were employed to sell was procured by the plaintiff for the purpose of selling the same in aid of the rebellion. At the termination of the plaintiff's case a motion was made to dismiss the complaint, which motion was granted, and an exception duly taken.

There seems to have been sufficient evidence to justify the submission to the jury of the question of the partnership of the plaintiff and James A. Macauley, and that, if any action could be maintained at all against these defendants, it might be instituted by the plaintiff as surviving partner. But there seem to be two fatal objections to any recovery upon the part of the plaintiff. The first is that there is no evidence but that Palmer & Kingsbury were copartners simply for this enterprise, and that when this sale was concluded, and an accounting made, there is no presumption to be indulged in from the nature of this transaction that they had any further joint interest, and therefore an entirely different rule is to be applied in considering their relations and their rights as to each other and as to third parties from that which would apply in case a general partnership had been established. Having been proved to be partners in this particular adventure, when this adventure ended that partnership necessarily ceased. Therefore, when the cotton had been sold, and the proceeds belonging to the plaintiff's firm had been deposited, as directed, with the banker at Brownsville, then, as far as the evidence in this case shows, it would appear that the adventure in which Palmer & Kingsbury had been engaged, and their right to bind each other by any subsequent action, terminated. Therefore the attempted surrender or giving back of the purchase money of this cotton by Kingsbury to the purchasers thereof was an act done by him after the termination of the joint adventure, in which he had no right whatever to bind his former partner. It further appears that this act was manifestly done, not in connection with the business of the firm of which he was a member, but was for the purpose of releasing himself individually from an arrest to which he had been subjected. Under these circumstances, there is no principle upon which his former partner, who had performed all the duties which were required under his contract with the plaintiff, could be held liable for this unauthorized action on his part. Whatever wrongs had been suffered by the plaintiff was because of the unauthorized action of his own agent, the banker with whom the money had been deposited. After this deposit had been made, Palmer & Kingsbury had parted with all control of it, and it became the property of the plaintiff, even if it did not appear upon the books of the banker to have been credited to his account. The plaintiff's firm, in designating the depository for this money, ran all the risk as to what should become of the money after such deposit had been made. The defendants' firm was not in any way responsible for what became of the money thereafter as a firm. It was in connection with no partnership transaction that it was withdrawn, and, if the banker paid it over on Kingsbury's direction, he was parting with money to Kingsbury to which the latter had no title, and of which the plaintiff's firm was the owner. It was a wrong done by the banker to the plaintiff's firm, if any wrongful or illegal act for which anybody could be liable was done by the paying over of the money under the circumstances related by the witness. In

fact, this very point is asserted by the plaintiff as one of the grounds of liability of the defendants; that is, that the defendants were not relieved from their liability for the entire proceeds by the repayment to the purchasers of the cotton, and are answerable to the plaintiff for the full amount. Applying this principle to the case of the repayment by the banker to Kingsbury, it is clear that the banker violated his duty in repaying to Kingsbury the money which he had received as the agent of Macauley, and which was to have been paid over to him. Certainly Palmer & Kingsbury are not to be held responsible for the wrongful act of the plaintiff's agent, simply because one of the former firm consented to this payment of the money. This act of consent on the part of Kingsbury, as already stated, was outside of the business of the copartnership, and by which he could not bind his copartner except by his consent.

There is another ground upon which the ruling of the court may be sustained, and that is there was a presumption of payment arising from the lapse of time. This presumption is entirely independent of the statute of limitations. It arises, although the statute does not apply by reason of the non-residence of the alleged debtor. In *Bean* v. *Tonnele*, 94 N. Y. 384, and *Lyon* v. *Adde*, 63 Barb. 89, this rule of law is expressly recognized, and it is held that in the case of an obligation which could be extinguished by payment there is an absolute presumption of payment after the lapse of 20 years. It is a presumption of law, and can be rebutted only by some positive act of unequivocal recognition, like part payment or a written admission, or at least a clear and well-defined parol promissory admission, intelligently made within a period of twenty years. It appears from the evidence that 21 years had elapsed since the cause of action, if any, which the plaintiff had against these defendants arose, and, there being no recognition of the claim such as is required by the rule above stated, the presumption of payment has become absolute, and the court was justified, upon this ground, if for no other, in dismissing the complaint.

Our attention is called to an exception to the admission of evidence, to which it is not necessary to call special attention in view of the rules of law which we think are applicable to the case at bar. The admission in evidence of the war relics found. in the various departments at Washington, without any further identification than the fact of their being on file in this department, may have been error because, notwithstanding the broad statement of the act, we do not think that it was the intention to make a copy of a paper evidence upon slighter proof than would have been required had the original been present in court. This error, however, in no way affects the questions upon which we have thought proper to dispose of this appeal, and consequently the plaintiff suffered no injury by their reception.

The claim that the exclusion of the letter sent to Macauley by San Roman was error cannot be sustained, because it was a mere declaration of a third party, whose declaration was not in any respect binding upon the defendants. The examination of Mr. Macauley in reference to the letter by the defendants did not make it competent. But, even if the letter had been admitted, it in no way changed the relations between these parties, as the claim that the letter states that the money was deposited with San Roman under certain conditions, without any proof as to what those conditions were, affords no proof that there were any conditions attached to the deposit inconsistent with the instructions which they had received from Mr. Macauley. Upon the whole case, therefore, we are of opinion that the complaint was properly dismissed, and the judgment should be affirmed, with costs. All concur.