WILLIAM M. HALL, APPELLANT, *v.* SUSAN L. ROBERTS AND JOHN F. PATTERSON, AS SURVIVING EXECUTORS OF MARSHALL O. ROBERTS, DECEASED, RESPONDENTS.

*Agreement to pay on the sale of a vessel and to give notice of the sale — when the statute of limitations begins to run.*

An action was brought, on August 2, 1888, to recover upon a written obligation, in which the defendants' testator admitted himself to be indebted to the plaintiff in the sum of $30,000, which was to be due and payable when the steamship "Illinois" should be disposed of by sale, gift or loss, the agreement stating that said sum should not be "due or payable until a sale and transfer of the said steamship Illinois is perfected, in which event I hereby promise and agree to notify said Hall of her disposal, and within ten days thereafter to pay the full amount." A sale of the vessel took place in 1864, about eight months after the contract was made, of which the plaintiff was not informed until in 1887, although inquiries had been made of the testator, in respect thereto, prior to his death in the year 1880.

*Held,* that the money was neither due nor payable until the expiration of ten days after the plaintiff had received notice of the sale of the vessel; and that the statute of limitations did not begin to run until the plaintiff ascertained, in 1887, that the vessel had been sold.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of April, 1890, dismissing the plaintiff's complaint after a trial at the New York Circuit.

The action was brought to recover under an agreement of which the following is a copy:

"Know all men by these presents. That I, Marshall O. Roberts, of the City, County and State of New York, hereby acknowledge myself indebted to William M. Hall of Brooklyn, Kings county, and State of New York, in the sum of thirty thousand dollars, which

amount will be due and payable to the said Hall, his heirs, executors or assigns, when the steamship Illinois of twenty-five hundred tons burthen, which is in the market, shall be disposed of by sale, gift or loss, and which is held by me to sell and dispose of, and from the proceeds to pay said Hall the amount above named, and

" It is agreed and understood between the aforesaid Roberts and Hall, that neither the whole or any part of the above sum of thirty thousand dollars, will be due or payable until a sale and transfer of the said steamship Illinois is perfected, in which event I hereby promise and agree to notify said Hall of her disposal, and within ten days thereafter pay the full amount in the lawful currency of the United States as stipulated above.

"MARSHALL O. ROBERTS.   [seal.]

" Witness :

" Theodore E. Tomlinson,
        " New York, February 10th, 1864.

" [U. S. Int. Rev. Stamp.] "

*George F. Betts*, for the appellant.

*Almon Goodwin* and *John Yard*, for the respondents.

Brady, J. :

This action was brought to recover the sum of $30,000, with interest, upon a written obligation, in which Marshall O. Roberts, the defendants' testator, admitted himself indebted to the plaintiff in the sum mentioned, and which was to be due and payable when the steamship Illinois, of 2,500 tons burthen, should be disposed of by sale, gift or loss, and which he held to sell and dispose of, and from the proceeds pay the plaintiff the amount named. But in that instrument it was agreed between Messrs. Roberts and Hall that neither the whole nor any part of the sum mentioned should be due and payable until the sale and transfer of the steamship was perfected, in which event Roberts promised and agreed to notify Hall of her disposal, and within ten days thereafter pay the full amount in lawful currency of the United States, as stipulated.

It was conceded on the trial that this action was not commenced until the 2d of August, 1888. After the learned counsel for the plaintiff had presented in his opening the facts and circumstances attending

and surrounding the claim the defendants moved to dismiss the complaint. The motion, after the admission stated, was predicated of the counsel's opening, from which it appeared that Mr. Roberts had died in the year 1880 ; that the plaintiff had made inquiries of him as to the sale of the vessel, and that Mr. Roberts had denied that the vessel was sold; but that after the death of Mr. Roberts he had employed persons to ascertain whether the Illinois was sold but was unable to obtain information until 1887, when he learned from Mr. Patterson, an executor of Mr. Roberts, that it had been sold in 1864, about eight months after the contract was made, and, further, that the bill of sale was not registered nor recorded in the custom-house until 1865. It thus appears that up to the year 1880 inquiries were made by the plaintiff of Mr. Roberts as to the sale of the vessel, but that no information of that circumstance was given him, and that he did not learn of the sale of the vessel until 1887, less than two years prior to the commencement of this action, and notwithstanding that he had employed persons to discover whether the sale had or had not taken place.

When the motion to dismiss the complaint was made, and after the admission which has been referred to, the learned justice presiding asked the counsel for the plaintiff if he had any acknowledgment in writing or any evidence, further than that he had stated, to take the cause of action out of the operation of the statute of limitations; and his answer was " No, sir," whereupon the motion was granted and the plaintiff duly excepted.

It will be observed, upon an examination of the agreement, that neither the whole nor any part of the sum of $30,000 to be paid, should become due or payable until the sale and transfer of the vessel was perfected, and until within ten days after the notification of such sale by Mr. Roberts, a notification which was never given ; and, therefore, the statute of limitations had not begun to run under the terms of the contract. The money was neither due nor payable until the expiration of ten days after the notification mentioned. This was not only an appropriate but a very reasonable provision in the agreement, inasmuch as it appears from a previous part of it, that the vessel was held by Mr. Roberts to sell and dispose of, and he was to pay to the plaintiff from the proceeds of the sale, if one were made, the sum mentioned in the agreement.

The conclusion expressed, as to the notice to be given, seems to be a very plain proposition, although no authorities have been found upon the precise question presented  The nearest approach to it that has been found is the case of *Keller* v. *The West, Bradley & Cary Manufacturing Company* (39 Hun, 348).  There it appeared that the defendants were to render an account on or before the tenth day of each and every month, and that the payments should be made within ten days after the. making of such return, the account relating to the number of pounds of wire hardened and tempered by the use of a patented invention.  The returns were made regularly down to and including the 30th of September, 1871, but from that day to the 24th of August, 1872, no returns were made as contemplated, and they were refused, although the use of the invention was continued.  The action was commenced on the 22d of August, 1878, and the statute of limitations was interposed as a defense.  It was rejected, however, upon the ground that the omission of the defendant to render monthly accounts for the period mentioned prevented the running of the statute against its obligation to make the payments within ten days after making the returns, inasmuch as no returns having been made, the period of ten days had not been set in motion ; the statute had at no time commenced to run and could not, under the agreement, as long as the returns were not made.

There is no difference in principle between that and the present case.  Here no part of the $30,000 could become due and payable until the expiration of ten days after notice of the sale of the vessel by Mr. Roberts, in whose custody the ship was placed for that purpose, and the plaintiff had a right to rely upon Mr. Roberts' performance of the contract in accordance with its terms.  He seems, however, to have been more vigilant than the contract required, inasmuch as he made frequent inquiries of Mr. Roberts from the time of the making of the agreement until 1880, and, it would seem, up to the death of Mr. Roberts, as to whether or not a sale had been accomplished, and was advised by him that none had been made.

In the one case there were no returns made, and consequently the statute did not apply; in the other no notice was given, and the statute, therefore, did not commence to run.  As already stated, we can discover no difference in principle between the cases.

The learned counsel for the respondents seems to think that the

decision of the question in regard to the statute of limitations was not concurred in, in that case, by a majority of the court; but this is an error.

The learned counsel for the appellant has urged upon the consideration of the court the doctrine of estoppel, and has cited a number of cases bearing upon the misleading statements of Mr. Roberts, and also upon the proposition that the statute of limitations has no application to this case, for the reason that Mr. Roberts was the trustee of an express trust. It is not, however, deemed necessary to proceed to the consideration of either of these propositions, and for the reason stated. The statute of limitations did not begin to run, at most, until Mr. Hall ascertained, namely, in 1887, that the vessel had been sold, the obligation to give notice resting upon Mr. Roberts and his representatives. The statements made in regard thereto are binding upon the defendants because the dismissal of the complaint was made upon the opening of the counsel for the plaintiff, which contained a statement of the facts and circumstances creating the claim, and characterizing and explaining the delay in the bringing of the action. The case is one which should have been submitted to the jury.

The dismissal of the complaint was, therefore, erroneous, and the judgment must accordingly be reversed and a new trial ordered.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered.