WILLIAM M. HALL, Respondent, v. SUSAN L. ROBERTS
AND Another, Executors of MARSHALL O. ROBERTS,
Appellants.

<div style="float:right">63 473
45ap311</div>

*Statute of limitations — notice of a sale to be given — when the statute begins to run — personal transactions with a deceased person — the presumption of payment — the statute of limitations distinguished from it — Code of Civil Procedure, sec. 829.*

The complaint in an action alleged that Marshall O Roberts, by an agreement under seal made in 1864, acknowledged himself to be indebted to one William M Hall in the sum of $30,000, to be paid when a steamship should be sold, and not before; and in the event of a sale Roberts agreed to notify Hall of it and within ten days thereafter pay him the money. The steamship was sold in 1864; Roberts died in 1880. The plaintiff alleged that he was never notified

of the sale, and only learned of it in 1887 when he brought his action. The agreement was lost.

*Held*, that Roberts was bound to notify Hall of the sale, and that the statute of limitations did not begin to run against the demand until, in 1887, Hall learned of the sale.

That it was error to allow the plaintiff to testify that he never heard of the sale, from any source, until 1887, seven years after Roberts' death.

That this was proving by indirection that Roberts never notified him of the sale, and was objectionable under section 829 of the Code of Civil Procedure.

That the statute of limitations, and the presumption arising from lapse of time, are separate and distinct principles of law.

That, as a presumption of law to be submitted to the jury, the defendants, the executors of Roberts, were not entitled to a charge that the law presumes, after a lapse of twenty years, that the obligation of the defendants' testator, if any there ever was, had been performed, which presumption, unrebutted, was conclusive.

That, upon the question of payment, the defendants were entitled to have the jury consider, in view of all the circumstances of the case, the presumption of fact which they might indulge of payment, from the lapse of twenty-three years since the execution of the agreement.

APPEAL by the defendants, Susan L. Roberts and John F. Patterson, surviving executors of Marshall O. Roberts, from so much of an order, entered in the office of the clerk of the county of New York on the 12th day of June, 1891, as denied their motion for a new trial, after a trial at the New York Circuit before the court and a jury.

The order denying the motion for a new trial directed that the exceptions of the defendants be heard in the first instance at General Term.

*Almon Goodwin*, for the appellants.

*George F. Betts*, for the respondent.

O'BRIEN, J. :

This case has previously been before this court on an appeal by the plaintiff from a judgment against him, which was reversed and a new trial ordered. (*Hall* v *Roberts*, 58 Hun, 539.) That decision, so far as it may be applicable to the facts presented upon the trial, is controlling, regardless of what, if the questions were presented for the first time, would be the individual views of the members of this General Term.

The action is brought upon the following instrument under seal,

which is alleged in the complaint to have been executed by Marshall O. Roberts and delivered by him to the plaintiff for a good and valuable consideration:

"Know all men by these presents: That I, Marshall O. Roberts, of the city, county and State of New York, hereby acknowledge myself indebted to William M. Hall, of Brooklyn, Kings county, and State of New York, in the sum of thirty thousand dollars, which amount will be due and payable to the said Hall, his heirs, executors or assigns, when the steamship 'Illinois,' of twenty-five hundred tons burthen, which is in the market, shall be disposed of by sale, gift or loss, and which is held by me to sell and dispose of, and from the proceeds to pay said Hall the amount above named ; and

"It is agreed and understood between the aforesaid Roberts and Hall that neither the whole or any part of the above sum of thirty thousand dollars will be due or payable until a sale and transfer of the said steamship 'Illinois' is perfected ; in which event I hereby promise and agree to notify said Hall of her disposal, and within ten days thereafter pay the full amount in the lawful currency of the United States as stipulated above.

<div align="right">"MARSHALL O. ROBERTS. [SEAL.]</div>

"Witness: THEODORE E. TOMLINSON.

"NEW YORK, *February* 10, 1864."

The making of this agreement is denied by the defendants.

The complaint further alleges, and the answer admits, the death of Roberts on September 11, 1880, and the qualification of the defendants as executors on October 8, 1880; that the said steamship "Illinois" was sold and transferred by said Roberts on or about the 29th of October, 1864, but that the plaintiff did not learn of such sale and transfer until on or about the 10th day of November, 1887; that said Roberts did not notify the plaintiff of such sale during his lifetime ; that the said sum of $30,000 has not been paid, and that the defendants are indebted to the plaintiff in the sum of $30,000 and interest, and demands judgment accordingly.

The trial upon the evidence presented, resulted in a verdict in favor of the plaintiff in the sum of $77,365.

To secure a reversal of the judgment, the appellants rely upon three principal grounds which may be stated as follows:

*First.* The statute of limitations.

*Second.* Admissions over the objection of the defendants of incompetent evidence, and evidence of transactions between the plaintiff and the deceased, contrary to the provisions of the Code.

*Third.* A refusal to charge, as requested, in regard to the presumption of law and fact arising from the long lapse of time in favor of the payment or other discharge of the written obligation sued upon.

Considering these in their order, as we have already stated, being controlled by the former decision of this General Term, we are of opinion that under that decision, as applied to the facts now proven, the statute of limitations is not a bar. It was therein held, construing, it is true, the instrument hereinbefore set forth in full, that the money was neither due nor payable until the expiration of ten days after the plaintiff had received notice of the sale of the vessel, and that the statute of limitations had not begun to run until the plaintiff ascertained, in 1887, that the vessel had been sold.

Much stress in the opinion was placed upon that part of the instrument by which Roberts bound himself to notify the plaintiff of the sale of the vessel, and within ten days thereafter to pay the full amount; and while we are not now considering what was alleged in the complaint, but what was proven upon the trial, yet I think we shall reach the conclusion that, though there is a variance between the allegations of the complaint and the proof, it does not change the principle upon which the former adjudication as to the statute of limitations was founded.

The witnesses Winslow and Hayden, who alone gave secondary evidence as to the terms of the agreement (the instrument itself having been lost), did not testify as to any time after the sale of the vessel within which Roberts agreed to notify the plaintiff or pay the money, yet both of them did testify that Roberts agreed to notify and pay the plaintiff when the vessel was sold. Although, therefore, prominence was given to the ten days' requirement in the former decision, its reasoning applies with equal force to "notification," if the ten days' clause is omitted. As is there stated, the statute of limitations had not begun to run at most until Mr. Hall ascertained, namely, in 1887, that the vessel had been sold, the obligation to give notice resting upon Mr. Roberts and his representatives.

It will thus be seen that in the former decision, as in the proof offered here, there were two elements or incidents that were controlling; one that Roberts would hold the $30,000 of the proceeds of the Illinois when sold, and the other that he would notify Hall of the sale.

The second ground relied upon relates to exceptions taken by the defendants to the admission of certain evidence.

We seriously question whether the plaintiff should have been allowed to testify that he showed the alleged agreement to one Starr, who was subsequently allowed to testify that the name of Roberts was signed to that paper, although Starr admitted he was not familiar with Roberts' handwriting, as such testimony at least tended to establish the contract or agreement between the plaintiff and the deceased Roberts which would seemingly be controlled by section 829 of the Code.

But the objection taken to the testimony permitting the plaintiff to state that the first he heard from any source of the sale of the vessel was, in the year 1887, seven years after Roberts' death, was clearly well founded, for section 829 not only prohibits direct testimony of the survivor as to a personal transaction, but also any attempt by indirection to prove a like transaction.

In *Clift* v. *Moses* (112 N. Y., 426) the rule is thus stated: " It has been held, with general uniformity, that the section prohibits not only direct testimony of the survivor, that a personal transaction did or did not take place, and what did or did not occur between the parties, but also every attempt by indirection to prove the same thing, as by negativing the doing of a particular thing by any other person than the deceased, or by disconnecting a particular fact from its surroundings and permitting the survivor to testify to what on its face may seem an independent fact, when, in truth, it had its origin in or directly resulted from a personal transaction."

The testimony given by the plaintiff, that he had never heard of the sale of the vessel from any source until 1887, was equivalent to permitting him to testify that he had never received any notification from Roberts during his lifetime, which, if he had attempted to prove directly, would have been clearly inadmissible and within the inhibition of the Code.

As to the third ground relied upon, namely, the refusal of the

learned trial judge to charge certain requests of the defendants, we think that the exceptions to certain of the refusals were good, and entitled the defendants to a new trial.

It is unnecessary for us to notice all of these requests, as they are of the same general character, having relation to the rule of law in regard to what presumptions, if any, arise by lapse of time.

For the purposes of this appeal, although there were many of these requests, we shall refer to two only, namely, the first and second, which will enable us to call attention to the distinction, which seems to have been lost sight of, between presumptions of law and presumptions of fact, and the bearing of this distinction upon the facts presented upon this appeal. They are as follows:

*First.* After a lapse of twenty years the law presumes the payment of bonds and judgments and the due execution of covenants and agreements.

*Second.* In the present case more than twenty years having elapsed after the sale of the steamship "Illinois," and before the commencement of this action, the law presumes that the obligation of the defendants' testator, Marshall O. Roberts, if any there ever was, has been performed, which presumption, unrebutted, is conclusive.

The first of these requests was clearly unobjectionable. The second asked for as a presumption of law, and, therefore, conclusive, was properly refused.

This, however, and similar requests, were so framed as to give the defendants the benefit of the presumption of fact which arose from the lapse of time. The learned trial judge based his refusal to charge such propositions so as to give the defendants the benefit of the presumptions upon the former decision of this General Term. That decision, as we read it, had reference only to the statute of limitations, and did not decide anything as to the rule of presumptions, which was the one the defendants sought by their requests to invoke. The statute and the rules of presumption are based upon two separate and distinct principles. (*Macauley* v. *Palmer*, 6 N. Y. Supp., 404.) Upon the affirmance of the case cited, the Court of Appeals said (125 N. Y., 744): "One of the grounds upon which the General Term affirmed the judgment of nonsuit was, that there was a presumption of payment arising from the lapse of time wholly independent of the statute of limitations. This presumption, however,

is not one of law that is available to a defendant as a bar to the action on the claim, but one of fact for the jury. Under the defense of payment the lapse of time may be considered in connection with all the facts and circumstances of the case, and it may sometimes, with the other circumstances, warrant the inference that the claim was paid. The nonsuit in this case cannot be upheld upon the ground that from lapse of time there is a conclusive presumption that the claim was paid. * * * The most that the defendant was entitled to on the question of the lapse of time was to have it submitted to the jury as evidence in support of the defense of payment. (2 Phillips on Ev. [4 Am. ed.], 171; 1 Greenl. on Ev. [13th ed.], § 39; *Jackson* v. *Sackett*, 7 Wend., 94; *Bean* v. *Tonnele*, 94 N.Y., 381; *Parker* v. *Foote*, 19 Wend., 309; *Wood* v. *Squires*, 1 Hun, 481; *Miller* v. *Smith*, 16 Wend., 443; *Jackson* v. *Hotchkiss*, 6 Cow., 401; *Mayor* v. *Horner*, 1 Cowp., 109; *Darwin* v. *Upton*, 1 Sandf., 175.) "

Under the rule thus laid down, and giving due weight to the testimony of Jackson, one of plaintiff's witnesses, in regard to the conversation which he overheard between the plaintiff and Roberts in 1870, it was still error for the court not to give the defendants the benefit of the presumption of fact which could properly be drawn by the jury from the circumstances of the case.

In respect, therefore, to such requests as sought to have the court charge that a presumption of law which would be available to the defendants as a bar to the action existed the refusal of the court was right. But as to such of them as required the court to present the question as one of fact for the jury, it was error to refuse to charge as requested. The defendants were entitled to the benefit of this presumption of fact created by lapse of time, upon which to a great extent their whole defense rested.

Such rulings, therefore, having been erroneous and duly excepted to, require that a new trial should be had.

The exceptions should be sustained and the order denying the motion for a new trial should be reversed, and a new trial granted, with costs to appellants to abide event.

VAN BRUNT, P. J., concurred in the result.

Exceptions sustained and order denying motion for a new trial reversed, and new trial granted, with costs to appellants to abide event.