PALMER *v.* STARBUCK *et al.*

(*City Court of New York, General Term.* May 25, 1892.)

ACTION ON ATTACHMENT BOND—LIABILITY OF SURETIES—COSTS PAID BY PRINCIPAL.

An attachment bond provided that if defendant should recover judgment in the action, or if the attachment should be vacated, the obligors would pay all costs that might be awarded defendant, and all damages which he might sustain by reason of the attachment. The attachment was not vacated on motion, but the complaint was dismissed, and the dismissal affirmed on appeal, and judgment rendered for defendant for costs, which plaintiff, principal in the bond, paid. *Held*, that the undertaking covered not only such costs as accrued by reason of the attachment, but the costs of the action and of the appeal, and that, these having been paid by the principal to an amount exceeding the penalty of the undertaking, the sureties were discharged.

Appeal from special term.

Action by Joseph R. Palmer against William H. Starbuck and Jabez A. Bostwick. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before McGOWN and McCARTHY, JJ.

*Kellogg, Rose & Smith,* (*L. Laflin Kellogg,* of counsel,) for appellants. *Burrill, Zabriskie & Burrill,* (*G. Zabriskie,* of counsel,) for respondent.

McCARTHY, J. This is an appeal from an order overruling the demurrer interposed by the defendants, and from the interlocutory judgment entered thereupon in favor of the plaintiff and against the defendants. The action is brought to recover upon an undertaking on attachment, given by the defendants as sureties for one John L. Macaulay in an action brought by him against Joseph R. Palmer, the plaintiff herein, upon the procurement of an attachment in that action in favor of said Macaulay against the present plaintiff. The plaintiff, in his complaint, alleges the bringing of the action by Macaulay against him; the procurement of an attachment in the sum of $250, (this undertaking being the subject of another action heard upon demurrer at the same time as the present action;) the levy of the sheriff under the warrant of attachment; the giving of the undertaking sued on herein in pursuance of an order of the supreme court; the proceedings in the actions brought by Macaulay against Palmer, including a dismissal of the complaint at circuit; affirmance of that judgment at general term, (6 N. Y. Supp. 402,) and also at the court of appeals, (26 N. E. Rep. 912.) The undertaking given was in this form: "That the defendants do jointly and severally undertake, pursuant to the statute in such case made and provided, in the sum of $1,000, that if this plaintiff should recover judgment in said action, or if the warrant of attachment should be vacated, that plaintiff in that action would pay all costs that may be awarded to this plaintiff, and all damages which this plaintiff may sustain by reason of attachment, not exceeding the said sum above mentioned." The complaint also alleges that the plaintiff in said action has paid the judgment for costs in said action upon April 29, 1891, amounting altogether to $1.063.03. The attachment was not vacated on motion, but the plaintiff recovered judgment. The plaintiff claims that, the warrant of attachment not having been vacated by motion, no costs were incurred by reason of the attachment, and that the various costs paid in the original action cannot be allowed or deducted from any liability adjudged against the defendants, and therefore plaintiff is entitled to recover damages on such undertaking in the sum of $1,000.

We have given this case much care and consideration. If the sureties on the undertaking for an attachment are liable for the costs of the action,— it being conceded that the appellants or their principals have paid more than the amount of the bond or undertaking,—this order overruling the demurrer of the defendants, and the interlocutory judgment entered thereon, must be reversed. The undertaking given herein was in accordance with section 640, Code Civil Proc. It, in effect, provides that the defendants, Starbuck and Bostwick, do jointly and severally undertake, pursuant to the statute in such case made and provided, in the sum of $1,000, that if the plaintiff should recover judgment in said action, or if the warrant of attachment should be vacated, the plaintiff in that action would pay all costs that may be awarded to the plaintiff, and all damages which this plaintiff may sustain by reason of the attachment, not exceeding the sum of $1,000. We think this clearly means the costs of the action as well as of appeal, and was imposed as a penalty against a plaintiff who, not content to proceed in the ordinary way, resorts to a remedy which is not only provisional, but like to leave lasting injury; for if the plaintiff had no cause of action, and no provisional remedy resorted to, he would have to pay costs only, and, if responsible, no great harm could come. We think, if, besides having no cause of action, he should resort to an attachment, and thus tie up the defendants' property during a long and tedious litigation, as in this case, causing injury and damages, he cannot escape from the consequences of his whole act, which must be serious, but must indemnify the defendants for all the costs and all the damages. SMITH, P. J., in *Lee* v. *Homer*, 37 Hun, 636, says: "There are two conditions, on the happening of either of which the undertaking becomes obligatory, namely, the recovery of judgment by the defendant in the action, and the vacating of the warrant of attachment. Either may happen without the other; that is to say, the defendant may recover judgment, without the attachment being vacated except by the necessary effect and operation of the judgment in the defendant's favor, no motion being made for a vacation, or the attachment may be vacated on motion, notwithstanding the plaintiff may recover in the action. In the latter case the parties executing the undertaking clearly would not be liable by force of it for the costs of the action, because none would be awarded to the defendant; while in the former case the costs of the action would be awarded to the defendant, but none would be awarded him by reason of the attachment. Strictly speaking, no costs can be awarded to a defendant by reason of the attachment in any case; the expenses incurred by him for the fees of the attorney and counsel in moving to vacate the attachment being included in the term "damages." *Currie* v. *Riley*, 14 N. Y. Wkly. Dig. 407. In that respect the case is analogous to that of an injunction, in which latter case it is well settled that the taxable costs of the defendant, necessary to obtain a dissolution of the injunction, may properly be considered as damages, so as to enable the defendant to recover them of the sureties in the injunction bond if he is unable to collect them of the plaintiff in the suit. *Edwards* v. *Bodine*, 11 Paige, 223; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 613; *Andrews* v. *Woolen Co.*, 50 N. Y. 282; *Hovey* v. *Pencil Co.*, Id. 335; *Rose* v. *Post*, 56 N. Y. 603.

Recurring to the section of the Code under consideration, we are of the opinion that the words "which he may sustain by reason of the attachment" apply to the "damages" only, and not to the "costs," which may be awarded to the defendant;" the costs thus referred to being those of the action, and not those incurred in a motion to vacate the attachment, which are regarded as damages. The case was carried to the court of appeals, having been submitted under section 1279, Code Civil Proc., and was affirmed, (see *Lee* v. *Homer*, 109 N. Y. 630, 15 N. E. Rep. 896, no opinion is given,) thus affirming in every particular the opinion of the court below, (see *Bennett* v. *Brown*, 20 N. Y. 99, 102.) CHURCH, C. J., in *Hinckley* v. *Kreitz*, 58 N. Y. 587, in dis-

cussing another proposition, fully approved the case of *Bennett* v. *Brown, supra,* and says: "*Bennett* v. *Brown,* 20 N. Y. 99, was the case of a bond given upon issuing an attachment against nonresident debtors, conditioned to pay all damages and costs which they should sustain by reason of issuing the attachment if the plaintiff should fail to recover judgment thereon." A judgment was obtained before the justice, but it was reversed on *certiorari* to the common pleas. The court held the defendant liable for the judgment for costs in the common pleas. The terms of the bond did not restrict the liability to a failure to recover before the justice, but extended to a final recovery in the action, and when the justice's judgment was reversed it was as though never rendered. See opinion of DANIEL, J., in *Bank* v. *Wylie,* (Sup.) 4 N. Y. Supp. 907. It clearly included the numerous items designated in the statute as "costs," together with the fees of officers and witnesses, which may be recovered, under its settled and well-defined provisions, as a part of the judgment in favor of the successful party.

The sureties to an undertaking given upon the issuing of an attachment, by which they covenant to pay all costs and damages which may be awarded to or sustained by the plaintiff, not exceeding the sum specified, are entitled to the benefits of all payments for costs or damages made by their principal, and can in no event be held liable for more than the difference between the amount so paid by him and the sum specified in the undertaking. DAVIS, P. J., in *Baere* v. *Armstrong,* 26 Hun, 21, says: "The undertaking of the sureties was that their principals would pay all costs which might be awarded to the defendants, and all damages which they might sustain by reason of the attachment, not exceeding the sum of $250." If the evidence had been received, it would have shown that Claflin & Co. had paid a portion of the liability which the sureties had undertaken they would pay. Undoubtedly, if the respondents in this action are right in their position that the undertaking followed the appeals to the several courts, the costs awarded by these courts were a part of the liability which the sureties in the undertaking agreed that their principal should pay. Their undertaking was that their principal will pay such costs and damages to the amount of $250, and when their principal does make payment to that amount their liability on the undertaking is at once discharged. The respondents could not proceed to collect of Claflin & Co. a portion of their costs or damages, and then proceed upon the undertaking against the appellants for the whole amount therein specified. Such a construction would impose upon the sureties a greater liability than they have undertaken; and while the rule is that they should be held, like other contracting parties, strictly to the liabilities incurred, the doctrine that their agreement is to be construed *strictissimi juris* forbids any extension of liability by construction. The respondent contends that the undertaking on appeal to the general term and to the court of appeals, providing for costs as well as for judgment, makes the sureties on such undertaking the primary security for the costs of the action, and superseded the undertaking on attachment. We cannot agree with him. We think he has a right, if he sees fit, to rely primarily on the undertaking given on the attachment for the costs of the action and costs of the appeal, as well as the damages sustained. The respondent cited the cases of *Sutorius* v. *North,* (Com. Pl. N. Y.) 13 N. Y. Supp. 557, and *Sperry* v. *Hellman,* Id. 899, in support of his proposition. We have great respect for these decisions,—being by our court of appeals, to wit, the court of common pleas of the city of New York,—and would undoubtedly follow them, but we think those cases and the case at bar are not analogous.

Section 559, in regard to arrests, provides: "Or if it is finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff in said action will pay all costs which may be awarded to the defendant * * * by reason of the arrest in said action." The words, "finally decided that

plaintiff is entitled to the order of arrest," do not mean the mere vacating of an order of arrest, but the final judgment in the action. Orders of arrest are sometimes granted on grounds extrinsic to the cause of action. In a case of that kind, where the order of arrest was vacated on motion, the only costs recoverable would be counsel fees and expenses in securing such vacating, and these could only be recovered as damages; but in a case where the cause of action and arrest are identical, and it is finally decided that the plaintiff is not entitled to the order of arrest, which means a final judgment; then we take it, in accordance with the opinion of the learned judges in the cases decided by the common pleas, that the plaintiff may only recover such costs as accrued directly from the arrest, or any proceeding in the action or otherwise necessitated by such arrest, and the balance for damages. We think a different construction must be given to an undertaking on attachment, and feel we are sustained by authority. Besides, it does not appear what the nature of the action in those cases cited by the respondent were, nor has our appellate court directly passed on this distinction. The undertaking being for $1,000, and the defendants or their principals having paid more than the extent of their liability, the order overruling the demurrer and the interlocutory judgment entered thereon should be reversed and vacated, and the demurrer sustained, and judgment for the defendants, with costs.