JOHN J. SHELDON, as Administrator, etc., of MARY E. SHELDON, Deceased, Appellant, *v.* RUFUS HEATON, Respondent.

*A presumption of payment of money on deposit — from what circumstances and lapse of time it may arise.*

In an action brought in 1893 by the husband and administrator of an intestate to recover the amount of a deposit made by her in 1864 with the defendant, evidenced by the following certificate:

"$300.

" Rec'd of Mrs. M. M. Sheldon three hundred dollars on deposit.

                                          " R. HEATON.

     " ROUSES POINT, *Aug.* 20, 1864."

found among her effects, it appeared that the certificate came into the plaintiff's possession in 1877, five years after the death of his wife, and that, although the defendant had continued to live in the same place with him since that time, and in the interval, while solvent, had made an assignment for creditors, no demand of payment had been made by the plaintiff until 1893, when he took out letters of administration.

*Held,* that the jury were justified, although there was no direct proof of payment, in finding that the money had been paid.

APPEAL by the plaintiff, John J. Sheldon, as administrator, etc., of Mary E. Sheldon, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 5th day of February, 1897, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 8th day of April, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

The action was commenced on the 9th of May, 1893, and is based upon an instrument, of which the following is a copy:

"$300.

     "Rec'd of Mrs. M. M. Sheldon three hundred dollars on deposit.

                                        "R. HEATON.

     " ROUSES POINT, *Aug.* 20, 1864."

*W. H. Dunn,* for the appellant.

*James B. Stearns, Egbert C. Everest* and *G. H. Beckwith,* for the respondent.

MERWIN, J.:

Upon the first trial of this action a nonsuit was granted upon the ground that an action could have been brought at once on the instrument without any demand other than the beginning of the action, and that, therefore, the action was barred by the Statute of Limitations. Upon appeal to the General Term the judgment was reversed (88 Hun, 535), it being held that there was no right of action until after a demand, and that, therefore, the statute was not a bar, as the demand, as shown, was made shortly before the commencement of the action. It also seems to have been held that, assuming that there could arise a presumption of payment of such a claim from lapse of time where no demand had been made, it was not, under the circumstances of the case, so irresistible as to justify the withdrawal of that question from the jury.

Upon the second trial, which is now before us for review, the question of payment was submitted to the jury, they being told that, if from the lapse of time and the attending circumstances, they were satisfied that the money had been paid, they should find for the defendant. They so found.

At the time the deposit was made both parties lived at Rouses Point. Mrs. Sheldon was then, and had been for several years, engaged in the milinery business, and the defendant had a store and was reputed to be wealthy. Mr. Sheldon was absent in California from 1859 to 1863. After his return his wife continued in business but a short time, till about the fall of 1864. After that the husband was engaged in the butchering business, providing for the support of his wife and four children until the death of the wife in August, 1872. On May 2, 1893, Mr. Sheldon took out letters of administration upon the estate of his wife, and soon after that presented to the defendant the certificate or receipt in question, demanding payment, and, upon its refusal, commenced this action. The defendant, as well as Mr. Sheldon, have continued to reside in Rouses Point to the present time. Mr. Sheldon testified that he first saw the certificate five years after his wife died, it being sent to him from Toronto, Canada, by his daughter, who took the personal effects of his wife after she died. The defendant made a general assignment in October, 1877. He testifies that he was not insolvent at that time and that all his debts were paid.

There was no direct evidence of any demand until the plaintiff made the demand just before bringing the action. The defendant then claimed that he had paid the money to the wife long before she died. There was no direct evidence of such payment. The defendant, by reason of the death of Mrs. Sheldon, was not competent to testify to transactions between him and her.

The receipt or certificate did not draw interest. Mrs. Sheldon could have demanded payment at any time during the eight years that she lived after it was given, and the defendant had the right to pay it without a demand. (*Seymour* v. *Dunham*, 24 Hun, 93, 94.) Mr. Sheldon, upon receiving the paper in 1877, could for aught that appears have immediately taken out letters of administration. He had himself a third interest in the proceeds and his children were the other parties in interest. The fact that the defendant then made an assignment, coupled with the fact that the defendant then had sufficient property to pay all his debts, would naturally have stimulated to action any one who then had a valid claim. Still Mr. Sheldon did nothing for the period of more than fifteen years thereafter. The other parties in interest were, as it may be inferred, under no disability after 1880.

The lapse of time, with the attending circumstances as shown in this case, justified, I think, the jury in finding that the money had been paid.

The plaintiff claims that the court erred in declining to charge " that the interval of twenty years (sufficient to raise presumption of payment) must be computed from the time the cause of action accrued, not from the time the contract was executed." This request ignores the circumstance that the defendant had a right to pay without a demand, although the holder of the certificate would not have the right to sue until after demand was made. Besides, a jury may infer payment from circumstances although twenty years have not elapsed. (*Lyon* v. *Adde*, 63 Barb. 89, 94, and cases cited ; 1 Greenl. Ev. [15th ed.] § 39 ; 18 Am. & Eng. Ency. of Law, 207, 209, and cases cited.) Upon this subject each case evidently must depend largely upon its own circumstances, and it was not, I think, error to refuse the request.

The plaintiff asked the court to charge " that under the proofs in this case, no cause of action accrued on this certificate until the day

that payment was demanded and refused, viz., May 6, 1893." Also, "that the question whether payment may be presumed cannot be considered in this case, because a right of action against defendant did not accrue until May 6, 1893, the day demand of payment was made, and twenty years was not permitted to intervene between that time and the bringing of the action." These requests assumed that the plaintiff had a cause of action on the 6th of May, 1893, and avoided the real question in the case, which was whether or not before that time, and in the lifetime of the wife, either with or without a demand, the debt had been paid. I perceive no error in declining to charge as the plaintiff requested. The right of defendant to have the benefit of the presumption from lapse of time did not depend upon his being able to show an actual demand by the wife. That was a matter that might be inferred from circumstances. As said in *Bean* v. *Tonnele* (94 N. Y. 386), "an unexplained neglect to enforce an alleged right for a long period casts suspicion upon the existence of the right itself."

It is argued that the defense of "presumption of payment" should have been specially set up. The defense of payment was set up, and under that the defendant was entitled to the benefit of any evidence by way of presumption that might properly arise in the case. There is no question here about the Statute of Limitations, and, therefore, the force to be given to the 1st clause of section 414 of the Code need not be considered.

The judgment should be affirmed.

All concurred.

Judgment and order affirmed, with costs.