ROSENSTOCK v. DESSAR et al.

(Supreme Court, Trial Term, New York County. December 27, 1900.)

1. BILLS AND NOTES—PAYMENT—EVIDENCE—PRESUMPTIONS.

The presumption that a stale demand has been paid applies where an action is brought on a certificate of deposit by the payee's executor 24 years after its date, and such presumption will bar a recovery unless it is rebutted by competent and satisfactory evidence.

2. SAME.

In an action on a certificate of deposit, brought by the payee's executor 24 years after its date, the defendants pleaded payment as a defense. There was not a single circumstance showing nonpayment, except the bare possession of the paper by the payee at his death, while the other circumstances indicated that the obligation had been paid during his lifetime. *Held*, that the evidence was insufficient to sustain a verdict for plaintiff, since it did not overcome the presumption of payment arising from lapse of time.

3. APPEAL—VERDICT AGAINST WEIGHT OF EVIDENCE.

A verdict will be set aside on appeal when the facts and inferences legitimately deducible from the evidence clearly show that it is against the weight of the evidence.

Action by Edgar H. Rosenstock, as ancillary executor of Levi Jacobs, against Adolph Dessar, Joseph T. Dessar, and David Dessar, surviving partners, and Joseph Stern, as executor of David Stern, to recover the amount of a certificate of deposit. Dismissed.

Edward J. Lauer and Mortimer Stiefel, for plaintiff.
Stern & Rushmore, for defendants.

McADAM, J. The firm of Dessar, Stern & Co., then composed of the three first-named defendants and David Stern, made and delivered to the plaintiff's testator an instrument in these words: "New York, November 24, 1874. Received from Mr. Levi Jacobs $1,500 on deposit, at 7 per cent. Dessar, Stern & Co." David Stern subsequently retired from the firm, and on May 15, 1896, died, and his executor, Joseph Stern, was joined as a party defendant, on the allegation that the surviving members of the late firm were insolvent. The surviving members pleaded the 6-years and 20-years statutes of limitation, and, further, that the obligation had been paid. The executor of David Stern interposed like defenses, and pleaded and proved in addition thereto that long before the commencement of the action he duly advertised for claims against the estate of his testator, pursuant to the statute in such case made and provided; that no claim on behalf of the plaintiff was presented; and that, without any knowledge whatever of the plaintiff's demand, he had distributed the estate to the parties entitled thereto, although he had never been formally discharged from his trust.

The obligation not being payable at any stated period, and in form a certificate of deposit, the defendants did not rely exclusively upon the statute of limitations (Howell v. Adams, 68 N. Y. 314; Boughton v. Flint, 74 N. Y. 476; Sullivan v. Fosdick, 10 Hun, 173), but strenuously urged the defense of payment. Irrespective of the statute of limitations, a demand that has grown stale from lapse of time will be

presumed to have been adjusted, and that presumption will bar a recovery unless it be rebutted by competent evidence showing that no such settlement and adjustment has ever been made. 13 Am. & Eng. Enc. Law, 668, 669; In re Devereux's Estate (Pa. Sup.) 39 Atl. 225; Sweeney v. Sweeney (Sup.) 10 N. Y. Supp. 178; In re Neilley, 95 N. Y. 382; Sheldon v. Heaton, 22 App. Div. 308, 47 N. Y. Supp. 1124; Lyon v. Adde, 63 Barb. 89; Lyon v. Chase, 51 Barb. 13. The onus is in such case shifted on the creditor to negative the fact of payment, and it can only be rebutted by the most satisfactory proof. Lyon v. Adde, supra; Devereux's Estate, supra. This presumption applied with all its force to this case, and it was treated as raising a question of fact for the jury. Sheldon v. Heaton, 22 App. Div. 308, 47 N. Y. Supp. 1124; Bean v. Tonnele, 94 N. Y. 381; Macaulay v. Palmer, 125 N. Y. 742, 26 N. E. 912; Hall v. Roberts, 63 Hun, 473, 18 N. Y. Supp. 480. The jury found in favor of the plaintiff, and the defendants move to set aside the verdict as contrary to the evidence, and insist that the complaint must be dismissed. The nature of the motion necessitates a statement of what appear to be the controlling facts: The plaintiff's testator, Levi Jacobs, and Sarah Engel intermarried in 1874. Two days before the wedding Miss Engel's mother gave the prospective bridegroom the sum of $1,500 as a wedding present, and it seems this was the sum deposited with Dessar, Stern & Co. by Levi Jacobs two days after the marriage. Both the firm and the testator carried on the dry-goods and clothing business. For about two years after the deposit was made the testator continued to reside and do business in the city of New York. In or about 1876 he moved to Barton, Vt., and subsequently he carried on business at North Stratford, N. H., at which latter place he died in 1892. The paper upon which the suit was brought was found in his pocketbook a few days after his death, and the action was not brought until December, 1898. Mr. Stern retired from the firm in 1878, and the name was changed to Dessar Bros. & Co. In 1882, on the introduction of Mr. Wise, the name was changed to Dessar, Wise & Co., which name was retained down to the failure of the co-partnership in 1884. After the failure the books were seized by the sheriff, and they could not be produced on the trial. At the date of the failure the testator resided and carried on business at Barton, Vt. His brother, Aaron I. Jacobs, also resided there. Aaron had money deposited with the firm. He and another brother, Joseph Jacobs, also a creditor, received notice of the failure, but the testator received none. Although the fact of the failure was discussed by the testator and his brothers in the presence of the testator's wife, the testator expressed no personal interest in it, but appeared to be greatly exercised over the loss incurred by Aaron through the failure. Aaron brought suit and recovered judgment. The testator survived the failure eight years, but resorted to no remedy for the recovery of any claim he might have had. The wife thought the testator had told her the $1,500 wedding present was deposited with Dessar, Stern & Co.; yet she did not say or do anything about the deposit on receiving news of the failure or thereafter, until 1892. The money was left with the firm because of the contract to pay a larger rate of interest than

that given by a savings bank, notwithstanding which no interest was, prior to the demands on which the suit is based, ever demanded or paid on the deposit. The testator was evidently a man of moderate means, for his wife assisted him in business during the four or five years immediately preceding his death. The receipt, or certificate, was found in 1892. No demand on defendants was made until 1894, and, although payment was then refused, suit was not brought until 1898, two years after the death of Mr. Stern, the retired partner, and after advertisement for claims against, and distribution of the assets of, his estate. The defendants have been continuously in the city of New York, where they could have been reached by process at any time. After the failure of Dessar, Wise & Co., the creditors, through William A. Harding, an expert accountant, now dead, made an examination of the firm accounts. In the accountant's report, dated October 25, 1884, the name of the testator does not appear as a creditor of the firm, but the names of Joseph Jacobs and Carrie Jacobs, wife of Aaron I. Jacobs, are in the list of loan creditors. The defendant David Dessar testified that the account of plaintiff's testator with the firm was settled in 1881. Plaintiff's witness Ezekiel testified that he was bookkeeper of Dessar, Stern & Co. and the successor firms from 1875 to 1882; that during his connection with Dessar, Stern & Co. the books in his charge showed an entry of a special deposit of $1,500 to the credit of the testator; and that this entry was kept separate from the merchandise account of the firm with the testator. As the name of the firm was Dessar Bros. & Co. in 1881, Ezekiel's testimony is not inconsistent with that of David Dessar, to the effect that the account was balanced in 1881. But, assuming that the witness meant to testify as to the entire period of his connection with Dessar, Stern & Co. and the successor firms, that would leave a period of about two years from the date of his severance from Dessar, Wise & Co. to the failure of that concern in 1884, and it was not until that year that the accountant, Harding, examined the books and made his report. The facts and the inferences legitimately deducible therefrom strongly support the defense of payment, and stamp as clearly against the weight of evidence the finding of the jury in plaintiff's favor. The plaintiff did not satisfactorily sustain the burden of proving nonpayment. On the contrary, there is not a single circumstance or argument to be found in plaintiff's favor, except the bare possession of the deposit receipt, while circumstances crop out all over indicating in harmonious accord that the debt has at some time during the past 26 years been fully paid. The verdict must therefore be set aside. See Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596; Dunning v. Bowe, 16 N. Y. Wkly. Dig. 119; Macy v. Wheeler, 30 N. Y. 231; Thompson v. Menck, 22 How. Prac. 431.

It follows that the complaint should have been dismissed upon the conclusion of the trial, and that it must be dismissed now, with costs.